## BYRNE, VANCE & CO. *v.* D. Y. GRAYSON.

Copies and sworn extracts from mercantile books, although received without objection, do not make proof of the items of a merchant's account.

In a suit brought by a merchant on an account current, the proof of the fact that he was the factor of the defendant, and that he (the defendant) had given him his promissory note, in part payment of the balance of the account, does not prove such balance, where defendant's answer contains a general denial, and a special averment, that at the time he signed the note he had not examined the accounts of plaintiff against him ; such an answer imposes upon the plaintiff the burden of proving the items of account objected to and under consideration.

It is not sufficient for a party on whom the burden of proof rests, to make out a probable case, he must show by legal testimony, with reasonable certainty, the existence and verity of his demands.

Where an account has been settled by a promissory note, the note is *prima facie* evidence of a lawful and valuable consideration, and if the note is given in error, or there is a total or partial failure of consideration, or the account for which it is given is tainted with usury or fraud, the burden of proof rests upon the maker of the note to establish any or all of these facts to rebut the legal presumption in favor of its validity.

The charge by merchants, according to custom, of two and a half per cent. commission for the sale of cotton, and the like rate for accepting bills or endorsing notes for the accommodation of their customers and the purchase of supplies, do not form any part of the interest on money loaned, or advanced, and cannot be said to be usurious charges, as commissions for *advancing money* have been held to be, when claimed in addition to the highest rate of conventional interest.

To constitute usury, there must be a loan of money ; and in the *bona fide* sale, or discount of a promissory note, made by a factor, there is no loan of money, and can, consequently, be no usury.

A charge of eight per cent. interest in an account current of a merchant, cannot be recovered without proof in writing of an agreement to pay it.

Where a planter was indebted to his merchants for acceptances which have fallen due and been paid, and also on a promissory note—*Held* · That before the maturity of the note, credits of the planter, where no imputation has been made, should be imputed to the payment of the acceptances, because they were first due, though less burdensome, and the credits *after the maturity of the note* must be imputed to its payment, because the debtor *had at the time most interest in discharging it.*

APPEAL from the District Court of the Parish of Ouachita, *Mayo,* J. *Morrison & Purvis,* for plaintiffs. *John T. Ludeling,* for defendant and appellant.

LAND, J. The plaintiffs, commission merchants in the city of New Orleans, sue the defendant, a cotton planter, on an account-current for a balance of $5,960 45, and interest thereon at the rate of eight per cent. per annum from the 29th day of March, 1858. The account purports to be for the year 1857, and by the allowance of two additional credits, since the institution of suit, the amount in dispute is reduced to $5,812 22.

The *first, sixth* and *seventh* items of the account, it is contended, have not been proved, and the question presented at the threshold of the case is, whether these items have been substantiated by sufficient and legal testimony. The only evidence offered to prove the correctness of them, consists of *sworn extracts* from the mercantile books of plaintiffs, and of the fact, that the plaintiffs were the factors of the defendant at the date of the account, and that he executed to them his promissory note for a part of the balance due.

Article 2244 of the Civil Code declares, that the books of merchants cannot be given in evidence in their favor ; they are good evidence against them, but if used as evidence, the whole must be taken together.

If the original mercantile books of plaintiffs were not admissible in evidence in their favor, on the trial of the cause, there is no legal principle which authorized

58

the introduction of the copies or extracts. But it is contended, that the copies were received in evidence without objection, and therefore, make proof of the items of the account against the defendant. This position is in opposition to the authority of the case of the *Syndics of Johnston* v. *Breedlove*, reported in 2 N. S. 509, in which case the court held that the account did not make proof of the items, although offered in evidence on the trial below, and affirmed the judgment rejecting the demand founded on it. See *Herring* v. *Levy*, 4 N. S. 383 ; *Kendall* v. *Bean* 12 R. 407, 12 An. 778.

The fact, that the plaintiffs were the factors of the defendant, and that he gave to them his promissory note for a part of the balance of account, does not prove the correctness of the items in question, which are as follows : " to balance cash per account rendered $821 52," " to invoice of supplies $239 77," and " to freight paid $12 25."

The defendant's answer contains a general denial, and a special averment that, at the time he signed the promissory note, he had not examined the accounts of plaintiffs against him. This answer imposed upon them the burden of proof as to the correctness of the items of the account under consideration.

The plaintiffs should have proved expressly the correctness of these items by competent witnesses cognizant of the facts, or of the defendant's admission of the facts, or tacitly by evidence of the rendition of the account to defendant, and his silence and acquiescence therein for a reasonable length of time. They proved that the accounts of 1856 and 1857 had been rendered to the defendant; but the witness states that he was not in the employment of the plaintiffs at the time, and that his knowledge of the fact had been derived from the plaintiffs' books. This testimony is of no greater weight than the *sworn copies* or *extracts* already considered. They also offered in evidence a written order of the defendant for the invoice of supplies charged in the account, but this order is no evidence that the supplies were *purchased* and *shipped* by the plaintiffs to the defendant.

It is not sufficient for a party on whom the burden of proof rests, to make out a probable case ; he must show by legal testimony, with reasonable certainty, the existence and verity of his demands.

As to these items, there should have been a verdict and judgment of nonsuit.

The *second* item of the account for $504 11, the *third* item for $540, and the *fourth* item for $1,566, are for drafts drawn by the defendant on the plaintiffs, accepted and paid by them, and are fully proved by the production of the drafts and evidence of the defendant's signature.

The *fifth* item for $3,600, is for the promissory note given in part settlement of the balance due the plaintiffs on account, and is fully proved.

Before considering the special defence set up against the payment of this note, it is necessary to state, that the plaintiffs were the successors in the commission business of *J. B. Byrne & Co.*, who had been the factors of the defendant, and to whom he was indebted at the time of the formation of the new firm of *Byrne, Vance & Co.*, in the year 1854, in the sum of $4,709 46, which consisted of two promissory notes, one for $2,000, and the other for $2,500, and a balance of $209 46 on account, which were transferred to the books of plaintiffs, with whom the defendant continued his business. And that the course of business between the defendant and his factors (both the old and new firms,) was for the latter to furnish the former with plantation supplies, to make him cash advances, to accept and pay his bills, to receive and sell his crops of cotton, to charge him 2½ per cent. commission for buying his supplies, 2½ per cent. for selling his crops, 2½ pe

BYRNE
v.
GRAYSON.

cent. for accepting his bills and endorsing his notes, and to charge him in account 8 per cent. interest on the amount of all advances and disbursements; and for the defendant to settle a part or the whole of the annual balances of account against him, by executing and delivering to his factors his promissory note or notes, payable to their order at a future day, with authority to endorse and discount the same in the market on his account, and to place the proceeds to his credit; and that in the execution of their mandate, they discounted or sold the notes, at the rate of discount exceeding the highest rate of conventional interest.

Such having been the course of business between the parties, the defendant, after alleging that the consideration of the promissory notes and balance of account transferred by the old to the new firm consisted of usurious, and other illegal charges, " avers that the note or draft in favor of the plaintiffs for $3,600, due February, 1858, was given in error, and that it was given for a supposed balance due; that since then, he has ascertained that a very large portion of said sum, if not the whole of it, was made up of usurious and compound interest, usurious and illegal commissions and brokerage, and other incorrect and illegal charges made in the accounts of *J. B. Byrne & Co.* and *Byrne, Vance & Co.*, as aforesaid; that at the time he signed said note, he had not examined the accounts of plaintiffs, nor could he have understood them, if he had examined them, and that he signed said note in error of fact and law."

It is not shown that the balance of $209 46 due on account, and transferred by the old to the new firm, forms any part of the consideration of the note for $3,600, and, therefore, requires no further consideration.

The promissory notes executed by defendant in favor of the old firm, and transferred to the plaintiffs, were *prima facie* evidence of a lawful and valuable consideration; and if they, or *the note now in dispute*, were given in error, or if there had been a partial or total failure of consideration, or if the consideration of all, or any one of these notes, was tainted with usury, or fraud, or other illegality, the burden of proof was upon the defendant to establish the fact, and thereby rebut the legal presumption in favor of their validity. But he has offered no evidence to prove any of these facts, and we have to consider whether the course of dealing between the parties, above stated, was illegal, and sustains the plea of usury.

First. It seems to be well established by the custom of merchants, and recognized by law, that factors have a right to charge 2½ per cent. commissions for the sale of cotton in the city of New Orleans, and a like commission of 2½ per cent. for accepting bills or endorsing notes for the accommodation of their customers, and that these commissions do not form any part of the interest on money loaned, or advanced, for the reason, they have for their consideration the trouble and labor of the factor, and the use and credit of his name. It is equally well established by the custom of merchants, that factors in the city of New Orleans have a right to charge 2½ per cent. commissions for purchasing plantation supplies, as a reasonable compensation for their trouble and services on behalf of their constituents. And as commissions for *purchases* are considered as a compensation to the factor for his trouble and labor, and rest on the same grounds, for their allowance, as commissions for *sales*, they likewise do not form any part of the interest on money loaned, or advanced, and cannot be said to be *usurious*, or to form an ingredient in a usurious charge, as commissions *for advancing money* have been held to do, when claimed in addition to the highest rate of conventional interest.

Secondly. The sale of the promissory notes of the defendant, in the market, by the plaintiffs and their predecessors, at a greater rate of discount than the highest rate of conventional interest, was not, upon the evidence before us, usurious.

The defendant has not proved that his notes were discounted by his factors *on their own account*, or that the *discount itself was a device to cover usurious interest.* To constitute usury, there must be a loan of money. In the *bona fide* sale or discount of a promissory note, there is no loan of money, and, consequently, no usury. *Norwood* v. *Waddell,* 11 La. 493; *Bank of Louisiana* v. *Briscoe,* 3 An. 157.

Thirdly. The charge of eight per cent. interest in the accounts current was illegal, and could not have been recovered without proof in writing of the defendant's agreement to pay the same. C. C. Art. 2894. But his recognition of the charge, and the execution of his promissory notes for its payment, legalized the interest and furnished the plaintiffs with the written evidence required by law, so far as the balances of account were settled by his notes. It therefore appears, that the course of dealing between the parties, however prejudicial to the interests of the defendant, was consonant with mercantile usage, was sanctioned by law, (with the exception of the eight per cent. interest, for which there is no written evidence of the defendant's promise to pay,) and does not sustain the plea of usury.

The *eighth* item of the account for $137 45, is for commissions for endorsing for defendant, and was remitted by plaintiffs in the court below. On the application of defendant for a new trial, the plaintiffs remitted the sum of $156 64 including this item of account, which was thereby extinguished. C. C. Art. 2126.

The defendant is entitled to a credit for the balance of the sum remitted, to-wit, $19 19. C. C. Art. 2197. This item for commissions appears to form a part of the first item of the account, as shown by the sworn extracts offered in evidence.

The *ninth* and last item for $176 56, is for interest on the account in suit at the rate of eight per cent. to the date at which it is made up, and is erroneous.

The only written evidence of the defendant's agreement to pay eight per cent. interest on any part of the balance of this account, is the promissory note for $3,600, and this agreement does not, of course, extend to any items of account not embraced within the consideration of the note. It was made payable to the order of the plaintiffs, and was endorsed and discounted for the accommodation of the defendant, and paid at maturity by them, as endorsers. Having paid the note, as endorsers, the plaintiffs became subrogated to the right of the holder to demand payment of the interest stipulated, as well as the principal. C. C. Art. 2157, No. 3.

The defendant in his answer also alleges, that the plaintiffs have not given him, in the account, the full amount of credits to which he is entitled for the sales of his cotton ; but of this allegation there is no proof.

The credits amount to the sum of $1,785 44, and have not been specially imputed to the payment of any particular items of the account, and where no imputation of payment has been made, the law declares, that the payment must be imputed to the debt, which the debtor had at the time most interest in discharging, of those that are equally due, otherwise to the debt which has fallen due, though less burdensome than those which are not yet payable. C. C. Art. 2162.

The only items which have been proved, as we have already stated, are the acceptances of the plaintiffs for the defendant, and the promissory note for $3,600.

The acceptances had fallen due, and were paid before the maturity of the note, and according to the rule prescribed in Art. 2162 of the Civil Code, the credits *before*

*the maturity* of the note, must be imputed to the payment of the acceptances, be cause they were *first due, though less burdensome ;* and the credits *after the maturity* of the note, must be imputed to its payment, because the defendant *had, at the time, most interest in discharging it.* See *Cox* v. *Rees,* 10 La.; *Pargoud* v. *Griffin, Administrator,* ibid 357. The remission must be imputed to the debt due on account, and not on the promissory note.

The view we have taken of this case renders it unnecessary to pass upon the bill of exceptions taken by defendant's counsel to the charge of the Judge to the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed; and it is now ordered, adjudged and decreed, that item *eight* of the account filed in the record, and marked (X. Y.), be rejected, and that item *nine* of said account, excepting the interest allowed by this decree, be also rejected. And it is further ordered, adjudged and decreed, that as to the item *first* for $821 52, as to the item *sixth* for $239 77, and as to the item *seventh* for $12 25, of said account, there be judgment as in case of non-suit. It is further ordered, adjudged and decreed, that the plaintiffs do have and recover of the defendant the sum of two thousand six hundred and ten dollars and eleven cents, being the sum of the *second, third,* and *fourth* items of said account, with interest thereon at the rate of five per cent. per annum from the 13th day of February, 1858, subject to a credit of seven hundred and six dollars and seventy-three cents, paid November the 9th, 1857, and to a further credit of two hundred and nine dollars and thirty-two cents, paid the 21st of November, 1857, and a further credit of $19 19, remitted 10th of May, 1859. And it is further ordered and decreed, that the plaintiffs do have and recover of the defendant the further sum of three thousand six hundred dollars, with interest thereon at the rate of eight per cent. per annum, from the 21st day of February, 1858, (this being the *fifth* item of said account,) subject to a credit of four hundred and thirty-two dollars and ninety-eight cents, paid the 10th of March, 1858, and to a further credit of two hundred and fifteen dollars and five cents, paid the 11th of March, 1858, and to a further credit of two hundred and twenty-one dollars and thirty-six cents, paid the 27th of May, 1858. And it is further decreed, that the defendant and appellant pay the costs of the lower court, and that the plaintiffs pay the costs of this appeal.