GLADNEY, Judge.
Mrs. Hazel - R. Butler, plaintiff herein, .sued on indebtedness arising from the nonpayment of a balance due on a cháttel mortgage note and therein sought recogni *520 tion of the chattel mortgage lien on the mortgaged property. By way of answer, the defendant asserted a reconventional demand for $695.48, comprising counter claims for three items, viz:. $425 for wood sold plaintiff; $85 as cash, advanced and $185.48 as the balance due for commissions for purchasing pulpwood. After trial judgment was rendered which had the effect of recognizing $405.25 should be credited against the $700 mortgage note and further recognizing plaintiff’s entitlement to $26.76, but not as arising from the chattel mortgage transaction. The judgment conceded the correctness of the defendant’s claim in reconvention for $85 and $185.58, and subtracted these sums from the principal amount found due on the main demand. -From the judgment the defendant' has appealed and plaintiff has answered the appeal asking an increase in the judgment.
In her petition plaintiff alleged defendant was entitled to a credit of $350 on his note .of indebtedness and during the trial she conceded a further credit of $55.25, thus making total credits as of November 1, 1952, against the note, $405.25. As to this figure there is no disagreement. Defendant admitted plaintiff was entitled to recover the sum of $26.76 but correctly points out this item bears no relation to the chattel mortgage indebtedness.
The principal controversy between the parties concerns the three items which make up defendant’s reconventional demand. These arise from business transactions between plaintiff and defendant commencing during October 1952, when plaintiff engaged defendant to purchase and scale pulpwood on her behalf in return for a salary or commission for his services. In. the transaction plaintiff agreed to supply all money required to purchase the wood. The wood was purchased over a period of approximately nine weeks, during which time the defendant bought 1,271.16 cords of pulpwood for $12 per cord,-.and defendant received the sum of $450 from the plaintiff either as a salary or an advance for a commission, whether ■the. one or the 'other being one of the matters in dispute.
Prior to October 31, 1952, plaintiff sent checks to the defendant for $2,400 which were used by him to buy pulpwood with cash. On October 31, 1952, Bryant opened a bank account with the Logansport Bank and thereafter paid by check for the wood bought. Deposit slips were made for deposits to this account. Bryant and one of his sons testified that duplicate statements or “tickets” were made out for each purchase of wood, one being given to the seller and the other retained. At intervals Mrs. Butler would obtain for her Shreveport office the canceled checks, deposit slips, and bank statements affecting the bank account and also the slips representing wo.od purchases.
Bryant takes the position the checks, deposit slips and wood slips were needed by him as supporting evidence of plaintiff’s indebtedness to him. He testified repeated demands upon Mrs. Butler for this evidence were unavailing. Mrs. Butler asserted she destroyed these papers believing they would be of no further use as she thought the wood transaction had been closed and settled between Bryant and herself. No legal steps prior to the trial were taken to obtain possession of this evidence or produce it in court.
Defendant, during the course of the trial, offered in evidence a letter from plaintiff bearing date of February 10, 1953, and a statement transmitted with the letter. The statement purports to be a complete accounting of the wood transactions. It lists as “Receipts: . 1271.16 Cords Wood @ $12.50 per cord, $15,889.50.” Under the words “Cost of Same” appear columns containing check numbers, dates of checks, to 'whom payable, the name .of the bank on. which the check was drawn, and the amount of the check. All of the checks appear to . have been payable to R. J. Bryant and were, drawn on the Commercial Bank in Shreveport, Fairfield Branch. The. checks total $16,450. All of tbe canceled checks referred to in the statement ¡and a number of deposit slips, which in- *521 eluded two small' deposits amounting to $39.98, were filed in evidence. The $39.98, an undisputed item, indicates payment by Mrs. Butler of overdrafts which occurred in the bank account during January of 1953. The overdrafts paid by Mrs. Butler, together with all the checks given Bryant makes a total of $16,489.98 Bryant received from Mrs. Butler. From this amount $15,253.92 was paid out for pulpwood. Bryant also admits receiving $450 which is included in the $16;489.98 total, Bryant says the $450 was made up of advances against his commissions, a total of which is $635.58. Mrs. Butler testified that she agreed to pay Bryant $50, per week as salary and that if his scaling had held up she would have paid him in lieu of the salary 50^ per cord for the wood bought, but she says Bryant’s scaling was not correct and she lost when the wood was measured at the mill. She also testified that the sum of $12.50 as used in the aforesaid statement under “Receipts” included the cost of the pulpwood at $12 and 50$S per cord which would be due Bryant. In this, we think, she has admitted she owed Bryant 50^ per cord for each cord of wood purchased by him and $450 received by Bryant was in reality an advance against the total of his commission, Or $635.58. Thus, we find that Bryant is entitled to recover the sum of $185.58 unless this item has already been paid.
Concerning the claim of $425, Bryant declared this was for his own wood which he sold to plaintiff, but he also admits that this wood was included within the 1,271.16 cords for which he paid out $15,253.92. He testified further that he used $85 from his own money to buy wood for plaintiff and that the wood so bought was a portion of the 1,271.16 cords. Thus, the wood he bought was also paid for with Mrs. Butler’s money at the rate of $12 per cord. If Bryant has not received payment for these two items, he should show why they were not paid from funds furnished -by Mrs. Butler and not accounted for by the evidence in this case. As stated above, Bryant actually re-ceived $16,489.98. He admits $15,703.95 was applied to the cost of the wood and $450 advance to him. The difference between $16,489.98 received and $15,703.92 withdrawn is $786.06, which sum has not been’ accounted for by either party. The burden of proof as to the reconventional demand rested with Bryant.
Because we are of the opinion the items claimed in reconvention have, not been proven to our satisfaction, the re-conventional demand must be denied, but with dismissal as of nonsuit. We are inclined to reserve defendant’s right to sue again for the evidence to prove Bryant’s reconventional demand was in the possession of plaintiff, and, if unobtainable, defendant may obtain some evidence from the Logansport Bank.
From these findings we are of the opinion the judgment from which appealed should be amended and defendant’s demands in reconvention should be rejected as of nonsuit, and as hereinafter amended it is affirmed.
It is therefore order.ed that the judgment from which appealed be amended to read as follows: .
It is therefore ordered, adjudged and decreed that the plaintiff, Hazel R. Butler, do have and recover judgment in her favor and against the defendant, R. J. Bryant, in the full and true sum of $294.75, with 8% per annum interest thereon from October 16, 1952, until 'paid, and 15'% additional thereon as attorneys’ fees, with recognition of the lien and mortgage in favor of plaintiff, Hazel R. Butler, on the following described property, to wit:
“One (1) 1% ton 1947 Chevrolet truck, Motor No. EDA 307368, Serial No. 3 AKG 1387.”
It is further ordered, adjudged and decreed that the above property be sold by the sheriff of DeSoto Parish, Louisiana,1 to the last and highest bidder according to law, with benefit of appraisement, and that the plaintiff, Hazel R. Butler,’ be paid the amount of the judgment herein *522 rendered by preference and priority over all other persons.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Hazel R. Butler, and against defendant, R. J. Bryant, in the full sum of $26.76 with legal interest thereon from judicial demand until paid.
It is further ordered, adjudged and decreed .that the reconventional demands of R. J. Bryant be, and the same are, hereby dismissed as of nonsuit. Defendant is taxed with all costs of this suit, including cost of appeal.