180 So.2d 8 (1965)
MONROE "66" OIL COMPANY, Inc., Plaintiff and Defendant in Reconvention-Appellant,
v.
G. H. HIGHTOWER, d. b. a. Hightower "66" Service, Defendant and Plaintiff in Reconvention-Appellee.
No. 10442.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Rehearing Denied November 30, 1965.
*9 Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Caldwell & Stewart, Jonesboro, for appellee.
Before HARDY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This is an action by a distributor of gasoline and oil against an owner and operator of a service station upon an open account for gasoline and oil allegedly sold and delivered in the sum of $572.60. Defendant reconvened for damages allegedly caused by plaintiff's negligence in the installation of underground storage tanks and connecting lines to the gasoline pumps. The correctness of plaintiff's claim was stipulated. After trial, there was judgment accordingly in favor of plaintiff for the amount claimed and in favor of defendant, on his reconventional demands, for the sum of $1,400.00. Plaintiff appealed and defendant answered praying for an increase in the award of damages.
The issues, factual in character, relate to plaintiff's liability for damages and to the burden upon defendant to establish his claims to a legal certainty by a preponderance of the evidence.
First, logically, for resolution is the question of plaintiff's liability to defendant for damages. The material facts are that, during the early part of the year 1962, plaintiff installed service station equipment, including pumps and underground gasoline storage tanks, on the property of defendant, Hightower, who, with his wife, at the same location, was operating a cafe. Water for use in the cafe was obtained from an open water well located at the rear of the building and approximately 70 feet from the underground storage tanks. During the latter part of 1962, the water well became contaminated by hydrocarbons in the nature of gasoline and oil analyzed as being approximately 5 p. p. m. Because of this contamination, defendant's permit to operate a cafe was revoked by an order of the Louisiana State Board of Health dated February 26, 1963, and the cafe business was closed.
Defendant's claim for damages is predicated upon the contention that the contamination of the water well resulted from a gasoline leakage from the underground storage facilities. The record establishes that, during the course of the operation of the service station, discrepancies developed between the quantities of gasoline purchased and those sold, which fact, together with the contamination of the water well, provoked an investigation of the cause. In uncovering one of the underground storage tanks, by plaintiff's employees, a defective union in a line from the tank to the pump was discovered. A test made by defendant disclosed that a 12-ounce can of gasoline leaked out over a period of 13 minutes. Obviously, the leak resulted from the faulty installation of the union in the gasoline line.
*10 From the aforesaid conclusion, a further question is presented as to whether the gasoline escaping from the line permeated and saturated the soil and found its way into a stratum of earth which led toward and finally entered the water well.
From the facts of the faulty connection in the line and the escape of gasoline therefrom in substantial quantities, in our view of the circumstances, it can only be concluded that the escaping gasoline contaminated defendant's water well. Such was the conclusion of the trial court. There is not only no basis upon which we could assign manifest error, but this conclusion, in our opinion, finds ample support in the record.
The record discloses further that the well was not contaminated with gasoline or oil until plaintiff installed the underground storage tanks. No other source of contamination was indicated.
Next for consideration is the extent of the loss and damage sustained by defendant, because of plaintiff's aforesaid negligence, and the quantum of the award therefor. The bases of the award made by the trial court are as follows:

Loss of gasoline --------------- $300.00
Cost of new well --------------- 500.00
Expense and inconvenience in
hauling water ------------------ 100.00
Loss of profit from cafe ------- 500.00

With respect to the first of these items, plaintiff contends that the amount allowed for loss of gasoline was merely speculative. This contention is, in our opinion, well-founded. While plaintiff's records would no doubt show the quantity of gasoline purchased and placed in defendant's tanks, defendant kept, or at least produced, no records of the quantities of gasoline sold. The loss could not, therefore, be said to have been established to such a legal certainty as would warrant a judgment predicated thereon.
The contention with respect to the second of the aforesaid items, that is, the cost of a new water well, is that the allowance therefor was excessive. The well was of a character commonly referred to as a shallow or surface well. It had a depth of 25 feet, with an inside diameter of 30 inches. Its curb was of concrete tile. The cost of replacing the well, of similar depth and diameter, was shown to be $6.50 per lineal foot plus $16.00 for gravel for use in connection with its completion, or a total sum of $178.50.
No complaint is made as to the allowance of the third of the aforesaid items, that is, the sum of $100.00 for the expense and inconvenience in connection with the hauling of water for the restaurant.
Objection was made to the allowance of the fourth of the above items for the reason that the loss of profit from the cafe was not established. In this instance, as with reference to the claim for loss of gasoline, no records were kept, or, at least, produced, which would establish the extent of the business done, the profits derived, or the loss sustained therefrom, particularly as may have resulted from plaintiff's fault. In this connection, it may be observed that defendant's family took their meals at the cafe, and that no records were kept or accounting made for such expense.
Appropriate to the above conclusions are certain well-established legal principles which must be given effect. For instance, a defendant, in making a reconventional demand, becomes essentially a plaintiff and, therefore, has the burden of proving such demand. Graham v. Hemard, 23 La.Ann. 769 (1871). Such a reconventional demand enjoys the status of an independent suit in which the burden of proof is on the defendant to establish the facts alleged. Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869 (1925); Pillsbury Mills v. Chehardy, 231 La. 111, 90 So.2d 797 (1956); Butler v. Bryant, 75 So.2d 519, La.App., 2d Cir. 1954. *11 Moreover, such reconventional demand must be established to a legal certainty by a reasonable preponderance of evidence. Speculation, conjecture, mere possibility, and even unsupported probability are insufficient to support a judgment. Byrne, Vance & Co. v. Grayson, 15 La.Ann. 457 (1860); Morris v. Vining, 49 So.2d 458, La.App., 2d Cir. 1950; Moore v. Employers Liability Assurance Corporation, 124 So. 2d 804, La.App., 2d Cir. 1960; Bryant v. Johnson, 140 So.2d 758, La.App., 2d Cir. 1962; Crier v. Marquette Casualty Company, 159 So.2d 26, La.App., 4th Cir. 1963 (writ refused).
In view of the aforesaid principles, to the extent indicated hereinabove, it can only be concluded that defendant has not established his reconventional demands to that degree of legal certainty as would warrant a judgment predicated thereon.
The reasons discussed with reference to the several items asserted by defendant in his reconventional demands have equal application to his prayer for an increase in the awards made. However, with respect to the claim for the cost of a new well, we may point out that defendant claims an additional sum of $800.00 for the purchase price of a lot on which to locate a new well. It would appear sufficient to point out there was no showing of the necessity for another lot. Nor was such an item of damage to the existing lot established.
The matter of the assessment of costs of court was presented as an issue before this court in defendant's answer to the appeal. The assessment of costs equally between the parties is the matter of which defendant complains. It is contended that the cost in its entirety should have been assessed to plaintiff-appellant. The situation is that plaintiff's claim was not contested. The burden of the trial concerned defendant's reconventional demands for a reduced portion of which he was awarded judgment. Since defendant was awarded judgment on his demand, plaintiff should have been assessed with the cost accruing in the trial court. But on the appeal, the situation is reversed. Plaintiff was successful in obtaining a reduction in the judgment renderd in defendant's favor. Therefore, defendant should be assessed with the cost of the appeal.
For the reasons assigned, the judgment appealed is amended by reducing the principal of the award in defendant's favor against the plaintiff, on defendant's reconventional demands, to the sum of $278.50 and assessing plaintiff-appellant with the cost accruing in the trial court; and, as thus amended, the judgment appealed is affirmed. The defendant-appellee is, however, assessed with the cost of this appeal.
Amended and affirmed.