KNOLL, Judge.
Defendant, Dresser Industries, Inc. (hereafter Dresser), appeals the dismissal of its reconventional demand against Petroleum Fluids Consultants, Inc. (hereafter PFC). PFC sued Dresser to recover unpaid oil field services rendered by PFC to Dresser. Dresser filed a reconventional demand claiming a setoff for the value of equipment loaned to PFC but not returned. The trial court awarded PFC $4,770 on its contract claim against Dresser and dismissed Dresser’s setoff claim concluding that Dresser failed to carry its burden of proof that oil field equipment had been loaned to PFC. Dresser appeals asserting that the trial court erred in disallowing its setoff claim for equipment loaned to PFC. The issues on appeal are: (1) whether Dresser loaned oil field equipment to PFC; and (2) if there was a loan for use, whether Dresser is allowed a setoff against PFC for the value of the equipment loaned but not returned. We affirm finding that the trial court’s determination was clearly supported by the record.
During early 1980 Occidental Petroleum Company contracted with Dresser to supply mud services to its oil well, West Drill No. 1. Because Dresser had no mud engineers available, it subcontracted with PFC to supply mud services to West Drill No. 1. PFC first supplied a mud engineer to West Drill No. 1 in March 1980.
Mud engineers are on-site consultants at oil rigs whose primary function is to monitor the chemical properties of the drilling fluid so that it conforms to the driller’s specifications. Mud engineers use a mud lab or mud kit consisting of various pieces of equipment, including a pH meter and a Baroid rheometer, to test the drilling fluid. The pH meter tests the pH of the drilling fluid, and the rheometer tests the viscosity, yield point, and gel strength of the mud.
PFC supplied mud engineering services to West Drill No. 1 from March 1980 to June 20,1980. The only mud engineer sent by PFC to the rig was David Malloy.
Sometime during late March, Dresser sent a mud kit to West Drill No. 1, and on June 20, 1980, Bruce Broussard, another mud engineer not employed by PFC, returned the mud kit without the pH meter and the rheometer. Dresser contends that PFC is liable for the loaned equipment that was not returned, and argues that the co- *89 dal articles regarding loan for use require that the borrower bears the burden of establishing his freedom from causing the loss of the loaned articles.
It is well established that setoff is an affirmative defense which must be specifically pleaded and proven. Nat. American Bank of New Orleans v. Purvis, 407 So.2d 754 (La.App. 1st Cir.1981); Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3rd Cir.1973), writ denied, 284 So.2d 336. The party asserting an affirmative defense has the burden of proving it by a preponderance of the evidence. Womack Bros., Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1st Cir.1981). A plaintiff in reconvention must establish the demands made to a legal certainty by a preponderance of the evidence. Monroe “66” Oil Co. v. Hightower, 180 So.2d 8 (La.App. 2nd Cir.1965).
Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts sought to be proved is more probable than not. Hoffpauir v. State Farm Mut. Auto. Ins. Co., 427 So.2d 560 (La.App. 3rd Cir. 1983), writ denied, 435 So.2d 449; Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
A prerequisite for the application of the codal articles pertaining to loan for use is Dresser’s establishment by a preponderance of the evidence that it loaned PFC the pH meter and rheometer. Although Dresser specifically pleaded setoff, the trial court concluded that Dresser failed to establish with sufficient evidence such a loan to PFC. We find that the record fully supports the trial court’s conclusions of fact concerning this threshold question.
James Cooper, Dresser’s area supervisor of offshore operations, testified that the radio dispatcher for Occidental Petroleum Company, not PFC or its mud engineer, David Malloy, requested the mud kit by telephone. Cooper did not know if Malloy had the equipment and never saw him with Dresser’s testing devices. He further testified that Bruce Broussard, another mud engineer not employed by PFC, was on the oil rig along with 38 to 45 other workers.
Samuel J. Digiglia, Jr., the owner of PFC, testified that David Malloy was the only PFC mud engineer on West Drill No. 1, but Malloy and another mud engineer, not in the employ of PFC, alternated twelve hour shifts. Furthermore, PFC refused to pay Dresser for the pH meter and rheometer because PFC had not signed a delivery ticket, as is the custom in the oil field, making them responsible for the testing equipment.
Accordingly, we find the record supports that the trial court did not commit manifest error in concluding that the evidence failed to preponderate Dresser’s loan of the “mud kit” to PFC.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, Dresser Industries, Inc.
AFFIRMED.