KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in finding the defendant at fault for the loss sustained by the plaintiff and whether or not the trial court erred in the amount of its award of damages.
An automobile belonging to Vincent Gon-zalas (hereinafter referred to as plaintiff) was destroyed by a fire on January 1,1984. On April 5, 1984, plaintiff filed suit against Louisiana Power and Light Company (hereinafter referred to as defendant), alleging that the fire started as a result of a “high-line” belonging to defendant falling on his car and causing it to burn. From a judgment in favor of plaintiff, defendant timely appeals. We affirm.
FACTS
The record submitted to this Court on appeal does not contain a transcript of the testimony presented during the trial. In its appellate brief, defendant alleges that the trial court either lost the transcript or could not transcribe the recording of the testimony made at the time of trial. However, the written opinion rendered by the trial judge contains a recitation of facts which, for purposes of this appeal, defendant relies on and asserts must be considered correct. In his written Opinion, the trial judge, who was the trier of fact, stated the following in regard to the evidence presented at trial:
“Ronald Gonzalas, the brother of the plaintiff, testified that on the date in question, he was living in the same house with the plaintiff, VINCENT GONZA-LAS. He testified that he was awakened by a horn blowing. He arose from his bed and went to the door of the house and saw a small flame coming from the interior of the car. He also testified that he saw the electric line laying across the car and the end of the wire was sparking. Ronald Gonzalas, while he did not see the start of the fire, is the only witness who testified at this hearing, that saw the line laying across the car sparking. Whoever blew the horn that woke Ronald Gonzalas up on the night in question, did not testify at this hearing. The other witnesses who testified at this hearing went to the scene after the fire was over. Therefore, Ronald Gonzalas’ testimony was basically uncontradicted.
* * * * * *
As to the amount of damages suffered by the plaintiff, there seems to be a great deal of dispute. The estimate submitted by the plaintiff which was supposedly made by James Chellette of Lewis Roy Motors was in the amount of $1,400.00. However, the estimate submitted by the defendant is $500.00. Mr. Chellette testified under oath that the value was anywhere from $600.00 to $1,000.00. The plaintiff’s petition also asked for the sum of $500.00 to cover loss of use for his vehicle. VINCENT GONZALAS testified under oath that he used his car about 85% of the time to go to work and that he had to pay his father $10.00 a week for transportation to and from work. He lost the use of his vehicle for approximately 12 weeks.”
*1257 The trial court rendered judgment in favor of plaintiff and against defendant, awarding plaintiff $800.00 for the damages to his vehicle and $100.00 for the loss of use of his vehicle, together with legal interest on these sums from date of judicial demand, until paid, and all costs of the proceeding. From this judgment, defendant has timely suspensively appealed, alleging that the trial court erred by:
(1) Making erroneous findings of fact and in finding defendant at fault; and
(2) Awarding plaintiff excessive and manifestly erroneous damages.
RECORD ON APPEAL
Defendant alleges in its appellate brief that the trial court lost, or could not transcribe, the recording of the testimony made at the trial. LSA-C.C.P. Art. 2131 provides:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.” (Emphasis added.)
Thus, the facts of a case may reach an appellate court in one of three ways: transcribed testimony, stipulated narrative of facts, or the trial court’s written narrative of facts. Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3rd Cir.1985).
There is no evidence in the record that defendant-appellant made any attempt to request plaintiff-appellee to join with it in a written and signed narrative of the facts. However, defendant bases its appeal on the recitation of facts contained in the trial judge’s written opinion, which defendant adopts and asserts must be considered correct. Additionally, the record does contain exhibits which were apparently admitted into evidence. Accordingly, we will consider defendant’s appeal, based on the facts as contained in the trial judge’s written opinion and on the exhibits contained in the record.
FAULT OF DEFENDANT
Defendant contends that the trial court erred by making erroneous findings of fact and in finding defendant at fault in regard to the loss sustained by plaintiff. More specifically, defendant asserts that the trial court erred in rejecting the fire report of the Marksville Fire Department which was apparently introduced into evidence and which stated that the cause of the fire was unknown.
Although plaintiff alleged in his petition that defendant was liable for the damages to his car on the basis of both negligence and strict liability, the trial judge does not state in his written opinion whether his finding of fault on the part of defendant was based on negligence, strict liability, or both. Therefore, if the trial court’s finding of fault on the part of defendant can be supported under either theory of liability, the trial court’s finding of fault on the part of defendant will be upheld.
LSA-C.C. Art. 2317 provides in relevant part:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.”
Obviously, defendant is the custodian of the highline that fell on plaintiff’s automobile and this fact is not disputed. However, before defendant may be held strictly liable for the damage sustained by plaintiff, plaintiff must prove in addition that the highline was defective, that such defect created an unreasonable risk of damage, and that the damage to his automobile was caused by this defect and was within the ambit of such unreasonable risk. Loescher v. Parr, 324 So.2d 441 (La.1975); Tischler v. City of Alexandria, 471 So.2d 1099 (La. App. 3rd Cir.1985). If these elements of plaintiff’s burden of proof are met, defend *1258 ant can escape liability only by showing that the damage was caused by the fault of plaintiff, by the fault of a third person, or by an irresistible force. Loescher v. Parr, supra; Tischler v. City of Alexandria, supra.
As noted by the trial judge in his written Opinion, the only person who saw the fire and testified during the trial was plaintiff’s brother, Ronald Gonzalas. Ronald Gonza-las testified that upon being awakened by a blowing horn, he went to the door of the house and saw a flame coming from the interior of the plaintiffs car, with the sparking highline laying across the car. The only other evidence in the record as to the cause of the fire is a fire report of the Marksville Fire Department which indicated that the cause of the fire was unknown. The record does not contain any evidence which indicates that the highline originally fell on plaintiffs car, or that the fire started as a result of the fault of the plaintiff, the fault of a third person, or because of an irresistible force.
Since plaintiffs brother did not see the fire start, nor did he actually see the highline fall on the car, plaintiffs case is based on circumstantial evidence. Circumstantial evidence is sufficient to constitute a preponderance of the evidence, which is plaintiffs burden of proof in this case, when taking the evidence as a whole, such evidence shows that the facts sought to be proved are more probable than not. Petroleum, Fluids Consultants v. Dresser Ind., 463 So.2d 87 (La.App. 3rd Cir.1985); Inseco v. Cambridge Mut. Fire Ins. Co., 447 So.2d 606 (La.App. 3rd Cir.1984), writs den., 449 So.2d 1349, 1350 (La.1984); Hoffpauir v. State Farm Mut. Auto. Ins. Co., 427 So.2d 560 (La.App. 3rd Cir.1983), writ den., 435 So.2d 449 (La.1983).
In his written Opinion, the trial judge stated:
“It seems more reasonable to the court, notwithstanding the testimony of the defense witnesses, that a live electric wire has a greater means for starting a fire than does a parked automobile. The court feels and is of the opinion that the fire which caused the plaintiffs loss was caused by a break in the wire which was owned and maintained by the defendant. Therefore, the court feels that the defendant is liable for the loss sustained by the plaintiff, VINCENT GONZALAS.”
Based upon the trial court’s written Opinion contained in the record, we find that the trial court’s finding of liability on the part of defendant is not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
DAMAGES
In its second specification of error, defendant contends that the trial court erred in awarding plaintiff excessive and manifestly erroneous damages. Specifically, defendant contends that the trial court’s award of $800.00 for the value of the automobile is clearly excessive.
One of the exhibits included in the record is a written act of sale of the automobile from a Mr. Eary Chesne, Sr. to plaintiff for $250.00. Also, plaintiff introduced into evidence a copy of a written estimate, which was made by James Chellette of Lewis Roy Motors, Inc., stating that the value of the car was $1,400.00 (apparently the before-fire value). However, defendant introduced into evidence a document which appears to be the original of the same written estimate from Lewis Roy Motors, Inc. which states the value of the car to be $500.00 (apparently also the before-fire value). The record does not provide any explanation of the reason for the difference between the figures shown on these two estimates. Mr. Chellette apparently testified under oath at the time of trial that the value of the car was from $600.00 to $1,000.00 at the time of the fire.
Where property has been damaged through the fault of another, the primary objective is to restore the owner of the damaged property, as nearly as feasible, to his status immediately prior to the damaging incident. Price v. State, 451 So.2d 644 (La.App. 3rd Cir.1984). Conse *1259 quently, the fair market value of the automobile immediately preceding the fire is relevant in determining plaintiffs damages; the amount that plaintiff paid for the car is only one factor to be considered in determining the fair market value of the car before the fire.
Before an appellate court can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused its great discretion in making its award. Tischler v. City of Alexandria, supra; Reck v. Stevens, 373 So.2d 498 (La.1979). In view of Mr. Chellette’s testimony that the value of the car was between $600.00 and $1,000.00 at the time of the fire, we conclude that the trial court’s award of $800.00 for the value of the automobile is not clearly excessive or manifestly in error. We also do not find the award of $100.00 to plaintiff for loss of use of his car for approximately 12 weeks to be clearly excessive or manifestly in error.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs.
AFFIRMED.