BOLIN, Justice.
The plaintiff, a fifty-two year old Negro, was employed by Robert A. Neff Construction Company as a cement finisher during the construction of a building known as Norton’s Art Gallery at Shreveport, Louisiana. While so employed he suffered an accident on June 19, 1959, by falling from the first floor level of the said building and landing on the unfinished dirt floor of the basement. He was immediately taken to a hospital in Shreveport, and was examined and treated by Dr. Jack B. Birdwell. After remaining in the hospital for a period of five days, he was released to his home where he remained under the care of Dr. Bird-well until July 15, 1959. However, before Dr. Birdwell released the plaintiff he had him examined on July 9, 1959, by Dr. Willis J. Taylor, an orthopedic specialist.
The plaintiff not being satisfied with his progress and treatment from the doctors furnished him by his employer, sought the services of Dr. S. W. Boyce, general practitioner and surgeon, of Shreveport. He was examined and treated by Dr. Boyce for several weeks which culminated in the defendant receiving a report from him suggesting that the employee was suffering from a sacroiliac sprain and brain damage. After receiving this report the defendant again had the plaintiff examined by Dr. Taylor on September 25, 1959. Because of the suggestion of the brain damage, the defendant also had the plaintiff examined by Dr. Frederick J. Boykin, neurologist of Shreveport, Louisiana.
The plaintiff was paid workmen’s compensation benefits for his injuries from the date of the accident through July 17, 1959, at which time such payments were terminated on the advice of Dr. Birdwell that he was able to resume his former employment. Contending that he was totally and permanently disabled he sought redress through the courts which resulted in the litigation now before us.
After a trial in the district court a judgment was rendered rejecting the demands of the plaintiff at his costs, on the grounds that he had been paid compensation benefits for the full period of his disability and all medical bills related to the disability had been paid by the defendant. The plaintiff, feeling himself to be aggrieved by the judgment below, perfected a devolutive appeal to this court, without bond, as the suit is prosecuted in forma pauperis. By stipulation of counsel, entered into in the lower court, the injury, hazardous employment, rate of pay, etc., were admitted, so that the only question-presented to us on appeal is the extent of disability, if any, of the employee and its causal connection with his employment.
The sole question for decision is a factual one and the proper conclusion can only be reached by a review of the medical and lay testimony pertaining to the physical condition of the plaintiff.
*806 All of the evidence elicited during the trial of the case in the lower court was from the witnesses who testified in open court, with the exception of a deposition of Dr. F. C. Boykin, which was taken pursuant to agreement. The trial judge, therefore, had an opportunity to see and hear all of the witnesses with the one exception and his findings, therefore, should be given great weight in this court, and not reversed unless manifest error is found.
'A brief résumé of the testimony will show that there was some conflict from the lay witnesses as to whether or not the plaintiff was rendered unconscious as a result of the initial fall. The ambulance driver as well as Dr. Birdwell were both of the opinion that he never lost consciousness, but the plaintiff strenuously denies this, and some evidence was presented to substantiate both contentions.
, A brief analysis of the medical testimony reveals that Dr. Birdwell, who was the treating physician, was of the opinion that the plaintiff had suffered from a bruised back, but that he had completely recovered from same by July IS, 1959, without any residual disability. Dr. Taylor, who was the only orthopedic specialist testifying, examined the plaintiff on two different occasions and was of the opinion after both of such examinations that the plaintiff was under no disability and saw no reason why he could not return to his previous occupation. Dr. Boykin, a neurologist, who examined the plaintiff for the purpose of ascertaining whether or not he had incurred brain damage as a result of the accident, was of the opinion that he had no disability and was entirely competent to resume his work. The only doctor who testified favorably to the employee was Dr. S. W. Boyce, who was of the opinion that he had a back injury and possibly some brain damage .which rendered him disabled to return to his original employment, and that he was unable to say when such disability would cease. Dr. Boyce, however, admitted that a neurologist would be in a better position to diagnose brain injury.
We, therefore, see from the summary, of the evidence outlined herein that the evidence is numerically in favor of the defendant. Of course, we know that no case should be decided on the basis of the number of witnesses presented on either side. However, the district judge was apparently of the opinion that the plaintiff had failed to prove his case to that degree of certainty required of him under our law, and we see no manifest error in his conclusion.
 The general rule in Louisiana in all civil actions is that the plaintiff bears the burden of establishing his case to a legal certainty, and that conjecture, possibility, or even unsupported probability are insufficient to sustain recovery. Though in workmen’s compensation cases some of our ordinary rules and procedure are relaxed and liberally construed in favor of the employee, the above rule as to the burden of proof has been held to apply. It is not necessary to cite any cases to substantiate this statement of the law, but we might point to two recent cases decided by this Court wherein such a statement of the law was made. Davis v. Reynolds, La.App. 2 Cir., 1957, 96 So.2d 368; Cotton v. Hartford Accident & Indemnity Company, La.App. 2 Cir., 1959, 116 So.2d 736.
Having examined the record of the lower court, and finding no manifest error in the factual findings, we see no necessity of discussing the evidence in more detail, and accordingly, the judgment below is affirmed at appellant’s costs.
Affirmed.