BAILES, Judge.
This is a workmen’s compensation suit. Plaintiff is seeking to recover workmen’s compensation, medical expenses, penalties and attorney’s fees-from defendant on the allegation of an injury sustained while working for defendant on August 4, 1962. After trial on the merits, the trial court dismissed the plaintiff’s suit on its finding that the plaintiff failed to prove the occurrence of the alleged accident. From the judgment of dismissal, plaintiff appeals.
For a cause of action, the plaintiff alleges that he was employed by defendant as a handyman at a combination appliance store and service station; that his duties included, among other things, the mounting of tires; that while performing duties connected with his employment, he injured his back when he attempted to catch a large truck tire that was falling from an upright position causing him to strain his back; that he suffered a severe back sprain and strain, herniated inter-vertebral disc, traumatic neurosis, compensation neurosis, conversion hysteria and other functional disorders, all of which rendered him totally and permanently disabled.
By answer, defendant admitted the alleged employment and that no workmen’s compensation had been paid plaintiff, but denied the alleged accidental injury, contending that plaintiff was having trouble with his appendix at the time he left his employment with defendant.
In the presentation of his case, the plaintiff, aside from testifying himself called as witnesses Mr. Jack Mashburn, operator of defendant company, plaintiff’s wife, Viola Kinchen, Dr. A. J. Feder, his treating physician, and John Sziber, a former employer, and Dr. E. T. Haslam, a consulting orthopedist. Of these witnesses, only the plaintiff himself could testify about the occurrence of the alleged accident.
*284 The essence of the plaintiff’s testimony is that at about 11:30 on the morning of August 3, 1962, he “was fixing a big truck tire, and I was standing up, and the tire slipped and fell and I leaned over to catch it, and it slipped out of my hand and snapped my back” [page 29, Testimony] ; that a fellow employee, Rufus Hayes, was working with him on the tire; that he told Rufus Hayes that he had hurt his back; that he did not report the injury to any of his superiors, although his general boss, Mr. Ammen, was present on the job all day; that he worked the remainder of the day, but did not report for work after that time; that he did not report the injury himself until August 18; that on August IS, he went to Charity Hospital in New Orleans for treatment.
Plaintiff’s wife, Viola Kinchen, although not a witness to the alleged accident testified that when plaintiff came home for lunch he told her he had hurt his back; that he stayed in bed all the next week; that on August 15th she went to defendant’s place of business to get plaintiff’s check and that at that time she told Mr. Paul Triche, [a supervisory emploj^ee of defendant] about plaintiff’s injury; and that plaintiff went to Charity Hospital in New Orleans.
The defendant’s witness, Mr. Louis Am-men, testified that he worked with plaintiff on the day of the alleged injury and that plaintiff at no time told him of any accident or injury he had had on the job. The plaintiff contended on cross-examination that he told Mr. Ammen about the injury.
Rufus Hayes was called as a witness. He said he worked a part of August 3, that he recalled fixing a large tire with the plaintiff but that he did not see him have any accident or injure himself, nor did the plaintiff tell him that he had hurt himself. He testified that one evening he stopped at the plaintiff’s house and that plaintiff told him that he was taking treatment and medicine for his appendix.
The medical evidence consisted of the testimony of Drs. Feder, Haslam and Lenoir, and the record of Charity Hospital in New Orleans.
None of the medical evidence is of probative value in considering the question of the occurrence of an accident. We believe no useful purpose would be served in discussing this evidence.
We are unable, after a careful consideration of the evidence adduced in the trial of this matter to find wherein the trial judge committed error in holding that the plaintiff has failed to establish the occurrence of an accident.
The plaintiff, in his testimony, describes how he was injured, that there was an overt occurrence that occasioned the injury, that is, a perceptible accident. He further testified that his co-worker, Rufus Hayes, was present helping him repair the tire, that his co-worker Rufus Hayes saw the accident and that he, the plaintiff, told Rufus Hayes that he had hurt his back. Hayes testified, as above detailed, that he neither saw an accident nor did plaintiff tell him he had injured his back.
It is indeed strange that plaintiff would have worked the remainder of the day with his superior, Louis Ammen without mentioning or reporting the injury to him, and that he would have waited so long to tell his employer of the injury.
It is a necessary precedent to recovery in a workmen’s compensation suit that the claimant establish by a preponderance of the evidence and to a legal certainty that an accident occurred.
In Guillory v. New Amsterdam Casualty Co., et al. (1963) 244 La. 225, on page 239, 152 So.2d 1, on page 6, the Supreme Court said:
*285 “[1] Even though this is a compensation suit, plaintiff bears the burden of proof, as in other civil cases, and must establish his claim by a preponderance of the evidence and to a legal certainty. See Bankston v. Aetna Causalty Company et al., La.App., 132 So.2d 111 (1961), and cases cited therein. What is meant by this rule is that plaintiff in a compensation suit is required to make out his case by a preponderance of the evidence and with the same legal certainty as required in any other civil case. It follows from this, that speculation, conjecture, near possibility, and even unsupported probabilities, are not sufficient to support a judgment. Green v. Heard Motor Co., 224 La. 1077, 1079, 71 So.2d 849 (1954); Henderson v. New Amsterdam Casualty Company, La.App., 80 So.2d 438 (1955). Though in compensation cases some of our ordinary rules and procedures are relaxed and liberally construed in favor of the employee, the above rule as to the burden of proof has been held to apply. Moore v. Employers Liability Assurance Corp., La.App., 124 So.2d 804 (1960); Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 252 (1951 2d ed.).”
The record reflects that the only proof offered by the plaintiff to support the occurrence of an accident was his own unsupported testimony, which was, in fact, contradicted by a fellow worker admittedly present when the alleged accident was supposed to have occurred.
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.