GEORGE C. CONNOLLY, Jr., Judge, Pro Tem.
The Plaintiff, Robert M. Palmer, filed this suit against the Defendants, Colonial Buick, Inc. and Aetna Casualty and Surety Company, its workmen’s compensation insurer, for. total and permanent disability under the Louisiana Workmen’s Compensation Statute. Plaintiff asserts that his disability was incurred as the result of an accident while in the course of his employment with the principal defendant.
The record discloses that on June 22, 1970, Plaintiff was employed by Colonial Buick, Inc. as a body and fender repairman.
In the petition, Plaintiff alleged that the accident occurred “when a quarter panel of an automobile upon which he was performing body work failed, causing petitioner to fall back, striking his head, neck and shoulders”.
Compensation benefits were paid from June 22, 1970 through February, 1971, a period of approximately eight months. Plaintiff claims total and permanent disability since February, 1971, because of a herniated cervical disc incurred as a result of the aforesaid accident.
After a trial on the merits, judgment was rendered in favor of the Defendants. In his reasons for judgment, the trial judge found that the Plaintiff failed to prove his compensation claim by a preponderance of the evidence. We agree with his conclusions.
In his reasons for judgment, the trial judge quoted Moore v. Employers Liability Assurance Corporation, 124 So.2d 804 (2nd La.App. 1960), which reads in part as follows :
“The general rule in Louisiana in all civil actions is that the plaintiff bears the burden of establishing his case to a legal certainty, and that conjecture, possibility or even unsupported probability are insufficent to sustain recovery. Though in workmen’s compensation cases some of our ordinary rules and procedure are relaxed and liberally construed in favor of the employee, the above rule as to the burden of proof has been held to apply.”
The sole question for decision is a factual one. The proper conclusion can only be reached by a review of the testimony pertaining to the physical condition of the Plaintiff.
The record discloses that on January 13, 1968, Plaintiff was involved in an automobile accident. He was treated for an acute lumbar dorsal strain. On June 22, 1970, Plaintiff sustained injuries which are the basis of this action. Between June 22, 1970 and August 24, 1970, Plaintiff moved an automobile transmission in his backyard. In the process, he experienced “pin and needle” sensations in his neck and left shoulder. On July 2, 1970 and July 3, 1970 the trial judge found that the Plaintiff was changing tires on his car and performing work with dexterity under his vehicle. On January 21, 1971 Plaintiff was involved in a subsequent automobile accident whereby the car in which he was riding was struck from the rear.
*807 Although the medical testimony is conflicting as to whether Plaintiff had a ruptured cervical disc, in the event it was so found and the Court concluded that Plaintiff’s injury was in the nature of a cervical herniated disc, Plaintiff still had the burden of establishing that the injury was the result of the accident which occurred during the course and scope of his employment.
A brief analysis of the medical testimony by Plaintiff’s medical witnesses revealed that Dr. S. J. LoCoco, an orthopaedist, and Dr. K. E. Voegel, a neurosurgeon, were of the opinion that the Plaintiff was disabled as a result of a herniated cervical disc incurred by him on June 22, 1970. Both medical witnesses agreed that a patient with this cervical defect should not engage in the occupation of a automobile repairman.
Dr. I. Reddler, an orthopaedic surgeon, and Dr. R. Levy, a neurosurgeon, testified that they could find nothing from an or-thopoedic and neurological standpoint to suggest a ruptured intervertebral disc in the cervical region or any neurological disability.
We are of the opinion that no useful purpose would be served by engaging in a protracted discussion of the foregoing testimony. Nor would it serve any purpose to endeavor to reconcile the respective litigants’ versions of the physical results flowing from the Plaintiff’s accident.
The trial judge accepted the Defendants’ version thereof and our review of the record convinces us that the evidence preponderates in their favor and the judgment is correct.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal to be charged to Plaintiff-Appellant.
Affirmed.