BOLIN, Judge.
Petrolane Gas Company, Inc., filed this-action to recover $1,988.49 allegedly due it: *823 by Crusader Drilling and Service, Inc., for a quantity of liquified gas purchased over a period of approximately two years. Joined as defendant was the president of Crusader, J. C. Williams. Williams filed an exception of no right of action which was sustained by the lower court and plaintiff appeals.
Appellant, in its effort to hold Williams individually liable for the account, relies upon a letter prepared by its agent and signed by Williams. This brief letter is ■quoted in full below:
“Date S/7/63
“Mr. Don Wedgeworth
S & R Gas Company
■Cotton Valley, Louisiana
'“Dear Mr. Wedgeworth:
'“Will you please advise your company that as soon as I dispose of my equipment I will be in a position to pay the .account of Crusade Drilling Company, Inc., as I have previously promised ;you.
“Yours truly
“s/ J. C. Williams, Jr.”
No answer had been filed by Crusader prior to hearing on the exception and consequently the question of the liability of •that company for the debt is not before us. 'The only issue presented here is whether Williams personally obligated himself by the above letter to pay the debt of a third party, i. e., Crusader Drilling Co., Inc.
During the trial of the exception plaintiff objected to introduction of parol evidence, choosing to depend entirely on the letter which it contends constitutes a written promise by Williams to pay the debt. In support of this objection plaintiff relies upon the following provision of Louisiana ■Civil Code Article 2278:
“Parol evidence shall not be received:
******
“3. To prove any promise to pay the ■debt of a third person.”
Over these objections the lower court permitted Don Wedgeworth and Roland Lestage, employees of plaintiff, and defendant Williams to testify as to conversations had concerning the matter. Lestage testified he had contacted Williams some thirty days prior to the signing of the letter and had asked him about paying the account which had been due over two years. He stated Williams assured him that he would be personally responsible for the account. Lestage further testified it was he who wrote or typed the letter in question as a result of his conversation with Williams. However, he stated that he “got the statement to convince my company that the account would be paid.”
Williams, on the other hand, testified he was speaking as an officer of Crusader when he assured Lestage the account would be paid when the corporate equipment was sold and that he never told him that he, Williams, would pay it personally, although he admittedly signed the letter.
Reasons for his judgment were dictated into the record by the trial judge who concluded the testimony of the witnesses was properly admissible to explain the ambiguity inherent in the phrase “as I have previously promised you.” From such evidence he concluded the promise to pay was in writing but that Williams neither intended to nor did he actually bind himself personally for the debts of the corporation.
Based on the cited codal authority our courts have consistently held that the promise to pay the debt of a third party must be express, and in writing, signed by the party to be charged. See Cook-Douglas Co. v. Prudhomme, 13 La.App. 37, 127 So. 104; Guillot v. Guillot, 141 La. 81, 74 So. 702, 703 (1917).
We also consider pertinent to the present issue Louisiana Civil Code Article 1813 which provides:
“Even when words are unequivocal and expressive of assent, they are not always obligatory, when from the con *824 text, if in writing, or from what in speech is equivalent to it, the words which immediately precede, or follow, it appears that the party did not intend to obligate himself.”
The letter, standing alone, contains no unequivocal words evidencing an intention of Williams to bind himself individually or personally. The oral testimony reflects the promise referred to was only an assurance that money received from the sale of certain corporate property would be applied on the corporate debt. Accordingly we conclude the judgment of the lower court is correct and the same is affirmed at appellant’s cost.
Affirmed.