281 So.2d 868 (1973)
Percy J. FONTENOT, Plaintiff-Appellee,
v.
Walter LaFLEUR and Hilda G. LaFleur, Defendants-Appellants.
No. 4259.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Rehearing Denied September 14, 1973.
Writ Refused October 26, 1973.
*869 White & Pitre by Joshua Pitre, Opelousas, for defendants-appellants.
Fusilier, Pucheu & Soileau by J. Wendel Fusilier, Ville Platte, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
This is a suit on a promissory note instituted by Percy J. Fontenot against Walter LaFleur and his wife, Hilda G. La.Fleur. Defendants answered, setting forth an affirmative defense of partial payment or set off against the alleged indebtedness. Judgment was rendered by the trial court in favor of plaintiff and against both defendants for the principal sum of $406.50, with interest and costs. Defendants have appealed.
The sole question presented is whether defendants are entitled to offset their indebtedness to plaintiff by the allowance of certain "commissions" which defendants allege are owed to them by plaintiff, but which were charged back against defendants' account after defendants had been allowed credit for them.
Plaintiff operated a business in which he sold furniture and appliances, from December 24, 1968, until at least November 26, 1971. Defendant LaFleur sold furniture for plaintiff during that time, with the understanding that LaFleur was to receive ten percent of the amount of each sale as a commission. During that period, LaFleur bought several items of furniture and appliances from plaintiff for his own use. The items were purchased on credit, and it was agreed that the commissions earned by LaFleur would not be paid in cash, but instead would be credited on defendant's indebtedness to plaintiff. Pursuant to that agreement a number of credits were applied to defendant's account representing commissions which had been earned by LaFleur.
Defendant LaFleur purchased an air conditioner from plaintiff on or about July 16, 1969, and the parties agreed that on that date defendant's indebtedness to plaintiff amounted to the total sum of $586.33. To evidence that indebtedness, LaFleur and his wife executed a promissory note for the principal sum of $586.33, dated July 16, 1969, payable on demand to the order of Bearer, and they delivered that note to plaintiff. This suit is based on that promissory note.
*870 Plaintiff's records show that after the note was executed, several credits were applied to it, representing commissions due LaFleur. The records also show, however, that approximately six charges were made against LaFleur's account for commissions which previously had been credited to that account, but which credits were cancelled or withdrawn by plaintiff because the purchasers of the furniture sold by LaFleur in each such instance, and for which a commission had been allowed, had defaulted in their payments and it had become necessary for plaintiff to repossess the furniture.
The instant suit is based on the above mentioned note for the principal sum of $586.33. Plaintiff alleges that after allowing all credits due on the note, a balance of $477.68, with interest and attorney's fees, is owed by defendants. Plaintiff stipulated at the trial, however, that the balance due on the note was actually $406.50, instead of the amount sued for, and that is the amount which was awarded by the trial court. Defendants argue that they are entitled to credits or set offs of the additional sum of $133.00, representing the commissions which had been credited to LaFleur's account and were later erroneously withdrawn or charged back to the account.
Plaintiff contends that his agreement with LaFleur was that when the latter sold furniture on credit, a sum equal to ten percent of the amount of the sale would be credited immediately to LaFleur's account, but that if the purchase price of the furniture was not paid and the furniture was repossessed, then the amount of the commission which had been allowed to LaFleur for that sale was to be charged back to his account and thus the credit previously applied to the note would be withdrawn.
Defendants contend that no such agreement was ever entered into. Their version of the arrangement is that LaFleur's account was to be credited with the ten percent commission immediately upon the completion of the sale, whether the sale was for cash or on credit, and that LaFleur was to retain that commission or credit even if there was a default in paying for the furniture or if the furniture was repossessed.
There is a conflict in the testimony as to the terms of the agreement between plaintiff and defendant relative to the commissions defendant was to receive. Plaintiff's version of that agreement is supported by the testimony of Fontenot's bookkeeper, while defendant LaFleur testified that no agreement was ever entered into relative to the withdrawal or charge back of a credit after the original sale was completed and the commission had been allowed. The trial judge obviously accepted the testimony of plaintiff's bookkeeper, and rejected that of defendant.
The factual findings of the trial judge, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Lege v. United States Fidelity and Guaranty Co., 217 So.2d 761 (La.App. 3 Cir. 1969).
Applicable here also is the rule that a defense of payment or set off is an affirmative defense which must be specially pleaded and proved by the defendant. LSA-C.C.P. art. 1005; Fontenot v. Liberty Mutual Insurance Company, 230 So.2d 402 (La.App. 3 Cir. 1970); American Security Bank of Ville Platte v. Vidrine, 255 So.2d 140 (La.App. 3 Cir. 1971). The promissory note produced by plaintiff constitutes prima facie proof of defendants' indebtedness to plaintiff. The burden of proof rests on defendants to show that they are entitled to credits or set offs in addition to those acknowledged by plaintiff. We agree with the obvious conclusion of the trial court that defendants have failed to meet that burden of proof.
*871 For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.