MILLER, Judge.
Plaintiff Delores Stroderd appeals from the judgment denying her claim for a commission against defendant Hur-Can Realty, Inc. Hur-Can answered the appeal seeking to reverse the trial court’s rejection of their reconventional demand for $1,000 given by Hur-Can to Stroderd, and seeking damages for a frivolous appeal. We affirm.
Hur-Can obtained a listing from a landowner to sell his 131 acre tract for the price of $222,750.00, subject to a ten percent commission to be paid to Hur-Can by landowner. On October 5, 1972 the tract was sold for $170,000 and Hur-Can received a fee of $17,000 for its services. Stroderd was employed by Hur-Can as a salesperson and claims 35% (of $17,000) as her sales commission. The claim was rejected by the trial court on the factual determination that Stroderd “performed but minor services related to the transaction.” Stroderd has failed to establish manifest error in that finding of fact. Absent manifest error, we accept the trial court’s factual determination. Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3 Cir. 1973).
Stroderd was on floor duty for Hur-Can when the purchaser first telephoned concerning the property. She prepared a prospect card and answered questions concerning the property. She sent a sketch (sometimes referred to as a plat) describing the property to the prospective purchaser on the same day that he telephoned. This sketch was delivered to the prospective purchaser by two other salespersons. Stroderd admitted that she was to share her commission with these salespersons, but denied that it was to be divided equally. One of the other salespersons testified that Stroderd agreed that the commission was to be equally divided.
Stroderd talked to the purchaser by telephone on some four or five occasions, but never saw the purchaser. Stroderd claimed that she had seen the property, but the evidence preponderates to the con *225 trary. She admits that she did not show the property to the prospect, but contends that the prospect refused her offer to show the property. Stroderd testified that the purchaser did not ask to talk to one of the owners of Hur-Can, Shot Canon, but the purchaser testified that he did. The purchaser agreed that Stroderd was most helpful on the telephone, but he insisted on dealing with Canon.
Canon showed the property to the purchaser. During some four months of negotiations Canon obtained from the purchaser three separate written offers to buy the property, the third of which was accepted. Canon arranged for abstracts and assisted the purchaser in obtaining some assurances concerning rights-of-way. .
Hur-Can’s contract with its employees provides that a prospect is only exclusive with the salesperson when the salesperson has shown the property to the prospect. (Tr. 45, Art. II, 2.). At Tr. 46, Art.' XI, the contract provides that “All listings, prospects, etc., are first and foremost the property of the office. No salesperson owns’ a prospect or listing. If it is deemed advisable by the office to re-assign a listing or a prospect, it has full right to do so. The compelling consideration shall be at.all times the welfare of our clients.” Additionally the contract provides (on the back of Tr. 47) that “All salesmen, including those assigned floor time, will be required to have inspected the property offered for sale before presenting it to a prospective buyer. Otherwise, they must turn the call over to the salesmanager for servicing or re-assignment.”
There is no manifest error in the finding that Stroderd failed to prove she earned the sales commission. Although she was willing to do more in order to carry the prospective purchaser forward to the point of closing the sale, the fact is that the purchaser insisted on doing business with his friend Canon. Stroderd has failed to indicate what provision of her contract of employment entitles her to 35% of the commission.
Stroderd’s most impressive argument is based on the testimony that some two weeks before the sale was consummated, Canon asked her to cut her fee to $3,000. She indicated that if that was necessary to close the sale, that something would be better than nothing. Just before the sale Stroderd was told that she was not to expect more than $1,000. At that time Stroderd was leaving the -office to submit to surgery and she was out of the office when the sale was closed. Shortly after the $1000 check was delivered to her, she cashed it. Later she notified Hur-Can that she was resigning and was accepting the $1000 as a partial payment of her commission.
Canon admitted that he discussed a $3000 fee with Stroderd. Canon explained that he did not supervise the sales personnel and that his partner Hurst was responsible for supervision. Canon knew that Stroderd often talked about the transaction and Canon thought that she had performed substantial work. When the sale was assured, Hurst and Canon reviewed the matter with each other for the first time. When they discovered that Stroderd had never seen the property or the purchaser, and how little Stroderd had contributed to closing the transaction, they determined that she would not receive a commission. They agreed instead to send the $1000 check as a gratuity. After Stroderd resigned and before suit was filed, Hurst offered to submit the matter to arbitration, but Stroderd elected to file suit.
This line of evidence does not overcome the remaining testimony which supports the trial court’s factual determination that Stroderd failed to prove that she earned a commission.
We also fail to find manifest error in the trial court’s rejection of Hur-Can’s re-conventional demand for the $1000 gratuity delivered to Stroderd.
Finally, Hur-Can contends that the appeal is frivolous and that they are entitled to an award of damages. They cite the *226 fact that appellant failed to cite a provision in the contract, a statute, or jurisprudence to support her position on appeal.
The answer to the appeal is rejected. We are mandated by Article VII, Section 29 of the Louisiana Constitution to review the facts as well as the law. While the evidence supports the trial judge’s factual determinations, we fail to find the appeal to be frivolous.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.