HOOD, Judge.
This is a workmen’s compensation suit instituted by Felix J. Vandersypen against C. F. C. Construction Company and its insurer, Argonaut Insurance Company. Judgment was rendered by the trial court awarding plaintiff compensation benefits from the date of the accident, August 29, 1972, through September 27, 1973, subject to credit for payments previously made by defendants. Plaintiff appealed, contending that the award should be based on total and permanent disability. Defendants answered the appeal, praying that plaintiff’s demands be rejected.
The sole issue to be determined relates to the nature, extent and duration of plaintiff’s disability.
Vandersypen fell on August 29, 1972, while working as a chainsaw operator for C. F. C. Construction Company. His back struck the roots of a tree, and as a result of that fall, he sustained an injury which consisted of fractures of three ribs and an acute sacroiliac sprain. The fall caused him to lose consciousness momentarily, and thereafter to experience pain in his chest and hack. He continued to work at the same employment for several days after the accident, however, despite the fact that he was suffering pain.
Plaintiff received his regular wages from the date of the accident until September 13, 1972, and he was paid workmen’s compensation benefits at the rate of $49.00 per week from September 18 to and including October 10, 1972. The payment of compensation benefits was discontinued on the last mentioned date because of a report which defendants received from Dr. Walter L. Murrell, a treating physician, indicating that he anticipated no loss of time.
Dr. Murrell, a general practitioner, examined Vandersypen on September 11, 1972. He found no rib fractures, and he diagnosed plaintiff’s injury as “(1) Acute sacroiliac sprain; (2) Contusion of rib areas (upper right).” He submitted a report to defendants which showed his findings and diagnosis, and in that report he stated that the probable length of disability was “one day,” that Vandersypen had returned to work, and that there was “no time lost.” Dr. Murrell testified that he found no objective signs of any disability resulting from the accident, and that he didn’t consider the injury serious enough “to lay him off from work.”
Dr. Donald Edgerton, a general surgeon, examined Vandersypen initially on October 25, 1972. His x-ray examination revealed, however, that plaintiff had sustained fractures of three ribs as a result of the acci *302 dent. He diagnosed his injuries as “(1) Healing fractures of the left 9th, 10th and 11th ribs; (2) mild degenerative lumbar spine and dorsal spine x-ray changes, probably chronic.” He felt that the fractures which plaintiff sustained “would probably have disabled him for approximately one month and that some pain may have lingered in the area for another two or three weeks thereafter.” He did not consider the lingering pain to be a disabling type pain, however, and he felt that plaintiff should have been able to work “after a month from the injury, but he would not be completely pain free.” Dr. Edgerton examined plaintiff again on March 15, 1974, and he concluded that he was not disabled at that time, although plaintiff still complained of pain in the area of the tenth thoracic vertebra.
Dr. George P. Schneider, an orthopaedic surgeon, examined Vandersypen on March 21, 1973, and treated him thereafter until January 21, 1974. He found on his initial examination that plaintiff was disabled from performing any work which required lifting, straining or handling heavy equipment, and he administered treatment which consisted primarily of medication, heat massage and a controlled activity routine. He felt that plaintiffs condition resulted from the accident which occurred on August 29, 1972, and that his disability continued from the date of that accident until September 27, 1973, at which time he concluded that Vandersypen was no longer disabled from an orthopaedic standpoint.
The trial judge accepted the opinions expressed by Dr. Schneider, and he awarded plaintiff compensation benefits from the date of the accident, August 29, 1972, until September 27, 1973, subject to a credit for weekly compensation previously paid and wages earned from August 29, 1972, through October 10, 1972.'
The factual findings of the trial judge, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Fontenot v. LaFleur, 281 So.2d 868 (La.App. 3 Cir. 1973); Coward v. United States Fidelity & Guaranty Co., 289 So.2d 506 (La.App. 3 Cir. 1974).
We cannot say that the trial judge erred in accepting the opinions expressed by Dr. Schneider instead of those given by other medical experts. See Christy v. City of Baton Rouge, 282 So.2d 724 (La.App. 1 Cir. 1973). Dr. Schneider was the only or-thopaedic surgeon who testified, and plaintiff’s injury falls within that specialty. He also treated plaintiff more times than did any other treating physician, and his treatment extended over a period of ten months. He thus had a better opportunity to evaluate plaintiff’s complaints and to determine his condition.
Our review of the evidence convinces us, as it did the trial judge, that Mr. Vandersypen sustained a disabling injury as a result of the accident which occurred on August 29, 1972, and that he remained disabled from that date until September 27, 1973. The evidence shows that he recovered from that disability by the last mentioned date. We find no error, therefore, in that part of the judgment appealed from which awards compensation benefits to plaintiff up to and including September 27, 1973.
We find no merit to defendants’ argument that the trial court “erred in not admitting into evidence D-8 and D-9.” Exhibit D-8 is a letter, dated December 20, 1973, from Dr. Charles L. Saint, Staff Psychiatrist at Forest Glen Mental Health Center, to Mr. Daniel E. Broussard, Jr., who was plaintiff’s attorney at that time. Exhibit D-9 is a copy of the records relating to plaintiff in the Veterans Administration Hospital, Gulfport, Mississippi.
Both of the above exhibits were admitted in evidence by the trial court for limited purposes, and they thus are in the record. Our understanding of the trial *303 court’s ruling is that they were admitted in evidence for consideration only in determining the issue of whether penalties and attorney’s fees should be awarded. The trial judge said, “You’ll have to call the doctor if I’m going to rely on any testimony in the matter. I will take it for the value that it has as to whether penalties, or these matters .... but not the contents.”
Defendants contend that Exhibit D-8, the letter from Dr. Saint, was a medical report, that it is admissible under LSA-R. S. 23:1122, and that it constitutes prima facie evidence of the facts therein stated. They contend that Exhibit D-9 is admissible under LSA-R.S. 13:3714, as hospital records.
It is unnecessary for us to determine whether these documents should have been admitted and considered by the trial court in deciding the case on its merits. We have examined the letter from Dr. Saint and the hospital records and find nothing in them which we consider to be material to the issues presented here or which would alter the outcome of this case in any way. We particularly find nothing in these documents which would benefit defendants. No useful purpose would be served, therefore, in deciding the legal issue of whether the trial judge erred in limiting the purpose for which the reports could be considered.
Plaintiff also demanded judgment awarding him penalties and attorney’s fees. The trial court rejected that part of the demand, and in doing so the judge said:
“. . . Based upon the information available to him (defendant’s claims manager), and the payment by Argonaut Insurance Company of compensation from September 18th through October 10th after termination of the wages, and the reports of Drs. Edgerton and Mur-rell, this Court does not find the defendant arbitrary or capricious and the claim for penalties and attorney’s fees is denied.”
We agree with the trial court that in view of the reports of Dr. Murrell and Dr. Edgerton, the defendant insurer was not arbitrary or capricious in failing or refusing to pay compensation benefits to plaintiff after October 10, 1972, and that plaintiff is not entitled to recover penalties and attorney’s fees.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.