411 So.2d 650 (1982)
R. H. ROBERTS
v.
Paul A. PACIERA, Jr., Paciera Enterprises, Inc., Jefferson Tractor and Trailer, Inc., Universal Equipment and Truck Leasing, Inc., and P. A. P. Transports, Inc.
No. 12328.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Courtenay, Forstall & Grace, Charles V. Guilbault, New Orleans, for plaintiff-appellee.
Derbes & Derbes, James G. Derbes, New Orleans, for P. A. P. Transports, Inc., defendant-appellant.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
*651 CHEHARDY, Judge.
Defendant P.A.P. Transports, Inc. (P.A. P.), appeals a district court decision in favor of plaintiff, R. H. Roberts, and against that defendant ordering it to pay the sum of $9,534.80 with 7% interest thereon from the 10th day of August, 1980 until paid and an additional sum equal to 25% of the said principal and interest as attorney fees, plus all costs.
On January 31, 1980, plaintiff filed a suit on open account against defendants, Paul A. Paciera, Jr.; Paciera Enterprises, Inc.; Jefferson Tractor and Trailer, Inc.; Universal Equipment and Truck Leasing, Inc.; and P.A.P. Transports, Inc. The petition alleged, among other indebtedness, defendants Paul A. Paciera, Jr., and P.A.P. Transports, Inc., were indebted jointly, severally and in solido unto the petitioner in the sum of $8,591.11. The petition also asked for attorney fees, interest and costs.
The attorney for P.A.P. subsequently requested and received from the district court additional time to plead in the suit. In an amended petition, the plaintiff also alleged that Paciera, acting individually and/or as owner and/or agent of the various corporate defendants in this suit, verbally agreed that in consideration of receiving additional time from the plaintiff to pay for the subject insurance policies, an 18% per annum interest charge would be charged on all balances due and owing as of the tenth day of each month.
Various exceptions filed by the defendants in this suit were denied by the district court, and defendant P.A.P. was ordered to file an answer to the plaintiff's supplemental and amending petition on or before May 1, 1980. On June 4, 1980, the attorney for P.A.P. withdrew as counsel of record.
On Thursday, August 21, 1980, evidence was taken in the trial court to confirm a preliminary default against P.A.P., which was signed on June 10, 1980. Plaintiff testified that he was a licensed insurance agent and he had been providing coverage for Paciera and various corporations for which he acted as agent. He said he issued the Guaranty National Insurance policy which is the subject of this suit at the request of Paciera and at his requests also advanced the premiums and arranged for financing of those premiums. He said although Paciera agreed to repay those advances, he had not done so.
Roberts also stated that Paciera subsequently advised him that there had been a change, and business would forthwith be handled under the name of P.A.P. Transports, Inc. He requested that Roberts amend the policy to reflect this fact, which was accomplished by the plaintiff. He also said Paciera indicated P.A.P. would assume the obligations on the policy and be liable for the premiums.
Plaintiff's attorney introduced tabulation and summarization of the account of Guaranty National Insurance Company relating to the subject insurance policy in this case; copies of Roberts' work records; petition and supplemental petition; sheriff's return dated February 6, 1980; signed motion for preliminary default, and affidavit of correctness of account. He then moved for judgment plus legal interest at the rate of 7% and 25% attorney fees, noting that he had expended 35 ½% hours before his appearance in court that day.
Defendant P.A.P. argues on appeal that responsibility for premiums which came into effect before its name was added by endorsement is assuming the debt of another and, therefore, it is bound only if it undertakes the responsibility expressly and in writing, citing Petrolane Gas Co. v. Crusader Drilling & Service, Inc., 176 So.2d 822 (La.App. 2d Cir. 1965).
However, as noted by the plaintiff, if a party has a material interest in promising to pay a third person's debt the alleged promise to pay is thus susceptible to proof by parol evidence. Winston Network, Inc. v. TAC Amusement Co., 363 So.2d 1283 (La.App. 4th Cir. 1978). In the present case in changing the endorsement Paciera obviously had a business motive for doing so since the policy was previously in his own name and in making the change he was acting as agent for P.A.P. We therefore *652 hold that the allowing of parol evidence as to the endorsement change was proper in the district court. Furthermore, such a change certainly indicates the corporation at that point intended to be responsible for all past due and future premiums.
LSA-C.C.P. art. 1702 provides that a judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. Because such was established by the plaintiff in the present case in the district court, as revealed by a review of the record, the trial court's rendering of judgment in favor of Roberts and against P.A.P. was correct. We should also note that all of the named defendants were on the policy and liable individually and in solido for premiums due. Accordingly there is no question that plaintiff is entitled to monies due on the open account for these policies, it being the problem of defendants to proportion their respective shares of the premiums owing.
Neither does this court hold that the 18% per annum interest charge agreed to by Paciera in consideration for additional time to pay may have been usury in nature. Because the corporation voluntarily assumed all past obligations on the policy, and also due to the fact this judgment only casts the defendant corporation, rather than an individual, the higher rate of interest cannot be considered usury. LSA-R.S. 12:703.
In regard to the attorney fees awarded to the plaintiff, however, we find error. LSA-R.S. 9:2781 specifically provides that when a person fails to pay an open account within 30 days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Moreover, the provisions of this statute must be strictly construed. Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir. 1979).
Although counsel for the plaintiff has included copies of such a written demand in his brief, the record is devoid of evidence of any such compliance with the provisions of LSA-R.S. 9:2781 having been introduced in the trial court. Accordingly, the district court was in error in granting attorney fees to the plaintiff in this case.
For the reasons assigned, therefore, the district court judgment is reversed in part and the plaintiff's request for attorney fees is denied. In all other respects the judgment is affirmed. Each party is to bear his own costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART.