424 So.2d 357 (1982)
CAPITAL RECOVERY ASSISTANCE, INC., Plaintiff-Appellant,
v.
Mark NELSON, Defendant-Appellee.
No. 15060-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
*358 Cady, Thompson & Duncan by Tom N. Thompson, Shreveport, for plaintiff-appellant.
Mark Nelson, in pro. per.
Before PRICE, FRED W. JONES, Jr. and NORRIS, JJ.
PRICE, Judge.
This is an action to collect monies owed on an open account pursuant to LSA-R.S. 9:2781. Plaintiff, Capital Recovery Assistance, Inc., was assigned the balance due on the account which represented charges for medical services rendered by Lawrence Clinic of the Chiropractic to defendant, Mark Nelson. Plaintiff appeals the lower court judgment rendered in favor of plaintiff for the balance due on the account but denying plaintiff an award of attorney fees. We affirm for the following reasons.
The evidence at the hearing in Shreveport City Court established that the balance due on the account by defendant on the date it was assigned to plaintiff was $154.00 and that no subsequent payments had been made. Plaintiff presented evidence that a demand letter and an itemized statement had properly been mailed to defendant. The judge found in favor of plaintiff for the balance due on the account but refused to award plaintiff attorney fees as defendant had an honest belief that no money was owed. Plaintiff appeals alleging that the trial court erred in failing to award attorney fees as required by LSA-R.S. 9:2781 and that plaintiff is entitled to all costs of this appeal including an award of additional attorney fees.
LSA-R.S. 9:2781 provides as follows:
"A. When any person fails to pay an open account within thirty days after receipt of written demand therefore correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor.
C. For the purposes of this Section, an open account shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis.
D. As used in this Section, `person' means an individual, association, corporation, partnership, trust, or any other public or private legal entity."
It is well established that in order to collect attorney fees, the plaintiff-claimant must have strictly complied with the provisions of the statute. Scarborough v. Nelson, 371 So.2d 1261 (La.App. 3d Cir.1979); Roberts v. Paciera, 411 So.2d 650 (La.App. 4th Cir.1982); Seaboard Allied Mining Corporation v. Benitez, 408 So.2d 325 (La.App. 3d Cir.1981).
Upon a review of the evidence, it is clear that plaintiff failed to strictly comply with the statute so as to be entitled to an *359 award of attorney fees. The statute specifically provides that written demand must be made upon the defendant-debtor which correctly sets forth the amount owed and a copy of the invoices in support thereof.
In the instant case, defendant received written demand and an itemized statement of the account. The itemized statement contains a list of services rendered and the charges for each. However, the statement lists these services by means of a code and does not contain a key so as to enable the reader to identify the services rendered. This itemized statement does not conform to the requirement that the defendant-debtor receive a copy of the invoices supporting the amount owed. An invoice should identify the service rendered and the appropriate charge. This is essential to enable the defendant-debtor to closely examine the amount allegedly due on the account. The invoices would allow the defendant-debtor to ascertain the exact nature of the services and whether those services have actually been rendered, whereas the itemized statement attached to the demand letter by plaintiff was unintelligible and did not properly support the amount claimed due as envisioned by the statute.
For these reasons, the judgment of the trial court is AFFIRMED at plaintiff's costs.