DOUCET, Judge.
This appeal arises from a suit in which Industrial Fabricators of Sulphur, Inc. sued B.B. Anderson Construction Company, Inc. and the Charleston Hotel Corporation for the balance due on a stairway fabrication contract entered into between Anderson and Industrial. Specifically, Industrial sued for $3,500.00, the alleged balance due, and the recognition of its lien, plus $5.50, the cost of filing the lien. The defendants filed general denials to Industrial’s demand and Charleston filed a third party demand against Anderson to recover any judgment *946 that may be rendered against it. After trial on the merits, the trial court rendered judgment in favor of Industrial for $3,505.50, recognized the lien and ordered the property seized and sold. Judgment was also rendered in favor of the Charleston Hotel Corporation on its third party demand. Defendants suspensively appealed. We affirm.
The record reflects that, on March 23, 1983, Industrial entered into a written contract with Anderson wherein Anderson agreed to pay Industrial $25,000.00 for the fabrication of steel stairs, landings and handrails which Anderson was to install in the ten story building known as the Charleston Hotel located in Lake Charles, Louisiana. The hotel is an old building, ten stories high, which was being renovated or remodeled by the Charleston Hotel Corporation. The contract provided that the fabrication was to be performed according to the plans and specifications prepared and/or approved by Bradshaw & Associates, Architects. Payment was to be made within thirty days of invoice less a retain-age of ten percent. Final payment was to be made on the “acceptance of material by Architect.”
On July 21, 1983, Industrial mailed an invoice to Anderson with accompanying letter which stated in part as follows:
“I have enclosed our invoice for $26,-000.00 for the stairs and miscellaneous steel on the Charleston Hotel Job in Lake Charles, La., a letter from Bill Bradshaw showing that this work is complete. A signed notorized [sic] Lien Waiver and Contractors Certificate of Completion, so that you can process this invoice as soon as possible.”
The invoice was accompanied by the architect’s letter dated July 11, 1983. The letter was written on the letterhead of Bradshaw & Associates and was signed by William F. Bradshaw, A.I.A. Architect. The letter stated as follows:
“At the request of Industrial Fabricators, I have inspected the steel stairs at the Charleston Hotel. A punch list was developed including:
1. Additional Bolts
2. Railing at Landing at 10th Floor
3. Handrail Extensions at Third Floor
These items have been fabricated and delivered and their work is complete. If you have any questions or if I can be of any assistance, please advise.”
Anderson paid $22,500.00 but refused to pay the balance of $2,500.00 plus $1,000.00 tax.
Linzie Morse, President of Industrial, testified that the fabrication was performed according to the plans and specifications prepared and/or approved by Bradshaw & Associates. He stated that his duty was to fabricate the items and deliver them to the jobsite. He stated that it was Anderson’s duty to install the items in the hotel. Upon cross examination, counsel for Anderson[1] began asking questions of Morse about furnishing materials for alterations that were made by Anderson in its installation work. Counsel for Industrial promptly objected to any testimony in regard to any expense of alterations made by Anderson, on the ground that the defendants filed only general denials and failed to assert any defense of off-set or credit as required by LSA-C.C.P. art. 1005. Counsel for Industrial repeatedly objected to any evidence of set-off or credits against the balance due. The trial court, however, overruled the objections and permitted Anderson’s counsel to submit evidence of alterations or modifications made by Anderson in the installation. Anderson contended that it had spent approximately $827.00 in wages to two workmen for alterations made in the process of installation. John Shortall, Project Superintendent for Anderson, and an employee testified as to the alterations made in the installation.
Morse stated that he and the architect had discussed the probability of alterations in the installation. He testified that the building was very old and had settled to some extent. Under these circumstances it *947 was very difficult for the architect, who prepared the plans, to make accurate measurements. Morse stated that the fabrication was made according to the contract and according to the plans submitted by Bradshaw, the architect. Alterations in installation were expected and were to be performed by Anderson, the erector, at Anderson’s expense. The architect was not called to testify.
The trial judge did not give reasons for judgment but apparently the testimony of Morse was accepted and judgment was rendered for the balance due.
The defendants, on appeal, contend that the trial court erred in not granting an off-set or credit for the alterations.
Industrial contends that the evidence of off-set or credit should have been excluded as this is a defense and was not pleaded as required by LSA-C.C.P. art. 1005. Industrial further contends that the trial judge was correct in his conclusion and the judgment should not be disturbed upon appeal.
Industrial is correct in its contention that the evidence of off-set or credit should not have been admitted. Neither of the defendants pleaded any such defense. It is well settled that set-offs or credits should be specifically pleaded and proven by the defendant. National American Bank of New Orleans v. Purvis, 407 So.2d 754 (La. App. 1st Cir.1981); Fontenot v. Lafleur, 281 So.2d 868 (La.App. 3rd Cir.1973), writ ref’d, 284 So.2d 336 (La.1973).
Even though the evidence of off-set was erroneously admitted, the trial court rendered judgment for Industrial as prayed for. The trial court apparently accepted the testimony of Morse and concluded that .some alterations of the items were expected by the architect and the responsibility for the expense of such was that of the erector, Anderson. We find no error in this conclusion.
For these reasons, the judgment of the trial court is affirmed. The defendants-appellants are to pay the costs of this appeal.
AFFIRMED.

. Counsel for the Charleston Hotel Corporation was not present at trial.