KING, Judge.
This appeal presents for our consideration the issues of whether plaintiff is entitled to a materialman’s lien, whether plaintiff is entitled to statutory attorney’s fees for the successful collection of an open account, and whether one of the defendants is entitled to judgment on his reconventional demand.
Stine, Inc., d/b/a Stine Lumber Company (hereinafter Stine) filed suit seeking to obtain a solidary money judgment against L.E. Perkins, d/b/a Perkins Construction Company (hereinafter Perkins) and William P. Ray (hereinafter Ray) and to have recognized Stine’s materialman’s lien on immovable property owned by Ray.
Stine alleged in its petition that it had furnished building materials to Perkins on open account, for use in the construction of improvements on property owned by Ray, and that charges totalling $4,033.80 remained unpaid for which defendants were solidarily liable. The suit also sought legal interest on all amounts due and attorney’s fees for collection of the open account. Stine further alleged that it had timely recorded its materialman’s lien within sixty days after the completion of work on Ray’s property, thus creating an enforceable ma-terialman’s lien upon Ray’s property, and sought recognition of this lien. Perkins answered and reconvened for damages in the amount of $7,500.00 alleging that a portion of the building materials sold to him by Stine had been defective and that his use of this defective building material had caused him to incur expenses to replace the defective material and damaged his reputation as a contractor. Ray filed an answer of general denial and a cross claim against Perkins seeking indemnity for any amount which he might be cast in judgment to Stine.
After trial on the merits, judgment was rendered on the main demand in favor of Stine and against Perkins in the sum of $4,033.80 and in favor of Ray and against Stine, dismissing Stine’s demand against Ray for a money judgment and for recognition of a materialman’s lien on Ray’s property. Stine’s claim for attorney’s fees was also denied. Judgment was rendered in the sum of $2,200.00 in favor of Perkins and against Stine on the reconventional demand. Ray’s cross claim and all other claims were denied and court costs were taxed equally to Stine and Perkins. Stine filed a timely devolutive appeal. Neither Perkins nor Ray appealed or answered the appeal. We affirm in part, reverse in part, amend in part, and render judgment.
PACTS
On April 26, 1984, Ray entered into a contract with his brother-in-law, Perkins, to *1197 have a house constructed for him in Oak-dale, Louisiana. This contract was not recorded. The building materials, including shingles and roofing nails, were purchased by Perkins at the Stine store in DeRidder, Louisiana.
Perkins entered into a subcontract with Mike Carrier, a carpenter/contractor from Oberlin, Louisiana, for the framing of the house and the laying of the plywood decking on the roof. Perkins also entered into a subcontract with Freddie Sonnier, a roofer frequently employed by Carrier, for the completion of the roofing work.
Several days after Sonnier installed the shingles, Perkins examined the roof and informed Carrier he was not going to pay the roofers because the shingles were “coming up.” Carrier attempted to re-nail the shingles on two occasions but was unsuccessful in preventing the roof from leaking. Consequently, Ray refused to accept and occupy his house.
Perkins then contacted Paul Sweeney, a roofer in Oakdale, concerning the problems with the Ray house and asked him to determine if the roof had to be redone. After examining the roof, Sweeney determined that the entire roof had to be replaced because the wrong type of nails were used and the shingles were defective.
Perkins purchased additional roofing materials from Rodney McNeal and Sons, Inc. and Edwards Lumber Co., Inc. to complete the job. Sweeney’s business, A & S Roofing Co., was then employed to remove and replace the original roof. Prior to purchasing the new roofing materials, Perkins asked Stine to give him replacement shingles which Stine refused to do.
Upon completion of the roofing job by A & S Roofing Co., Ray accepted the construction and moved into his house.
Perkins contacted Stine and demanded full restitution for the labor and material cost for the replacement of the roof. When attempts to negotiate a settlement failed, Perkins discontinued paying on his open account with Stine which then had an outstanding balance of $4,033.80.
As a result of Perkins’ refusal to pay his open account, Stine filed a lien against Ray’s property on August 23, 1984 to secure its claim for payment of the materials. Perkins and Ray were notified of the lien by certified letter, dated December 12, 1984, and informed that a suit would be filed if payment was not made within thirty days.
When Stine failed to receive payment, it filed suit on February 22, 1985 seeking a solidary judgment against Perkins and Ray for the amount due on the open account. The suit also sought legal interest, attorney’s fees, and for recognition of Stine’s materialman’s lien upon Ray’s property.
Perkins reconvened against Stine, alleging the nails and shingles sold to him had been defective and, as a result, he had sustained damages of $7,500.00, the cost of replacing the roof and for damages to his reputation as a contractor. Ray filed a cross claim against Perkins to recover the amount of any judgment granted in favor of Stine against him.
A trial on the merits was held on March 24, 1986, and continued until September 19, 1986. After the conclusion of the trial, the matter was taken under advisement.
On May 13,1987, the trial court rendered written reasons for judgment. The trial court found that Stine was entitled to a judgment against Perkins on its open account in the amount of $4,033.80, but denied Stine’s request for attorney’s fees for the reason that “the claim is not of a nature which would warrant attorney fees.” The trial court dismissed Stine’s demand against Ray after concluding Stine’s materialman’s lien was not timely filed. The trial court found that the shingles and roofing nails were defective and that Perkins was entitled to judgment on his reconventional demand against Stine in the sum of $2,200.00. All other demands were denied. A formal written judgment to this effect was read and signed on September 15, 1987.
Stine timely appeals alleging three assignments of error.
*1198 TIMELINESS OF THE LIEN
In its first assignment of error, Stine contends the trial judge erred in concluding its materialman’s lien was not filed timely.
LSA-R.S. 9:4802 provides that sellers have a claim against the owner and a claim against the contractor to secure payment of the obligations arising out of the performance of work under a contract, for the price of movables sold to the contractor or a subcontractor that becomes component parts of the immovable, or are consumed at the site of the immovable, or are consumed in machinery or equipment used at the site of the immovable. LSA-R.S. 9:4802A.(3). The statute further provides that claims against the owner of the property shall be secured by a privilege on the immovable on which the work is performed. LSA-R.S. 9:4802B.
LSA-R.S. 9:4822 provides in pertinent part that:
“C. Those persons granted a claim and privilege by R.S. 9:4802 for work arising out of a general contract, notice of which is not filed, and other persons granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of their respective claims and privileges within sixty days after:
(1) The filing of a notice of termination of the work; or
(2) The substantial completion or abandonment of the work, if notice of termination is not filed.”
In this case, neither the construction contract nor notice of termination of the work was ever filed. Therefore, the enforceability of Stine’s materialman’s lien is contingent on a finding that its lien was filed within sixty days after the substantial completion of Ray’s residence.
Substantial completion is defined in LSA-R.S. 9:4822 as follows:
“(1) The last work is performed on, or materials are delivered to the site or the immovable or to that portion or area with respect to which a notice of partial termination is filed; or
(2) The owner accepts the improvements, possesses or occupies the immovable....”
After carefully examining the record, we find that the work was not substantially completed until after July 12, 1984. Perkins testified that the last work done on the job site was the replacement of the original roof. Invoices submitted by Perkins reflect that the additional roofing materials supplied by Rodney McNeal & Sons, Inc. and Edwards Lumber Co., Inc. were purchased and delivered to the job site between July 12, 1984 and July 13, 1984. Perkins testified that the work of putting on the roof was not completed until sometime after July 12,1984. Ray testified and confirmed that he did not move into the house until after the original roof had been removed and replaced by the new roof.
Jay Stine, the manager of Stine’s DeRid-der store, testified that he visited the job site on June 23, 1984, prior to the removal of the original roof, and observed that the job was not complete. Mr. Jerry Arington, a representative for the shingle manufacturer, testified that he had visited the job site during the early part of July, 1984 and observed that the roof was incomplete.
The evidence in the record makes it clear that the materialman’s lien filed by Stine on August 23, 1984, under File Number 316,978 in the Records of the Clerk of Court of Allen Parish, Louisiana, was timely filed within sixty days after substantial completion of the work. Accordingly, we find that the trial judge was manifestly in error and clearly wrong in determining otherwise and in dismissing Stine’s claim for a money judgment against Ray, as.the owner of the property on which the building materials were used, and for failing to recognize Stine’s materialman’s lien against Ray’s property.
For this reason judgment will be rendered in favor of Stine and against Perkins and Ray, jointly and severally, for the amount of $4,033.80, together with legal interest as provided by law. Judgment will be rendered in favor of Stine and against Ray recognizing Stine’s materialman’s lien for the sum of $4,033.80 and $9.00 lien *1199 filing fee against the immovable property owned by William P. Ray in Allen Parish, Louisiana and more fully described in the materialman’s lien filed by Stine under File Number 316,978 in the Records of the Clerk of Court of Allen Parish, Louisiana.
ATTORNEY’S FEES
In its second assignment of error, Stine contends that the trial court erred in failing to award attorney’s fees.
Contrary to the trial court’s ruling, attorney’s fees in open account cases are specifically provided for by statute. LSA-R.S. 9:2781 provides in pertinent part as follows:
“A. When a person fails to pay an open account within fifteen days after receipt of written demand therefore correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claims when judgment on the claim is rendered in favor of claimant....”
Attorney fee statutes are construed strictly as an award of attorney’s fees is exceptional and penal in nature. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984); Hub Detectives, Inc. v. Martinez, 515 So.2d 663 (La.App. 3 Cir.1987). In order to collect attorney’s fees, the claimant must demonstrate that he has strictly complied with the provisions of the applicable statute. Capital Recovery Assistance, Inc. v. Nelson, 424 So.2d 357 (La.App. 2 Cir.1982).
The record shows that Stine has more than adequately met its burden of proving that all the requirements of LSA-R.S. 9:2781 have been complied with. Perkins admitted at trial and in response to a request for admissions, that he did not pay the balance due on the account and that it was the amount owed. Perkins further admitted that he had received Stine’s written demand letter with copies of invoices and that it correctly set forth the amount owed. The evidence also shows that Ray received Stine’s written demand letter with copies of invoices and that it correctly set forth the amount owed. The trial court rendered judgment in favor of Stine and against Perkins for the amount sued for. Stine is entitled to judgment against Perkins and Ray, jointly and severally, for statutory attorney’s fees for collection of its open account.
Factors to be considered in determining the amount of attorney’s fees to be awarded include: (1) the legal know-how and the skill of the attorneys involved; (2) the complexity of the issues inherent in the case; (3) the amount in controversy; and, (4) the success of the party seeking attorney’s fees. Goff v. John Hancock Mut. Life Ins. Co., 497 So.2d 747 (La.App. 3 Cir.1986), and cases cited therein.
In reviewing the record and applying the factors listed above we find that Stine is entitled to attorney’s fees for collection of its open account in the sum of $1,000.00.
RECONVENTIONAL DEMAND
In its final assignment of error, Stine contends that the trial court erred by granting Perkins judgment on his recon-ventional demand.
It is well settled that a setoff or claim for credit is an affirmative defense which must be specifically pled and proven. Indus. Fabricators v. B.B. Anderson Const., 482 So.2d 945 (La.App. 3 Cir.1986). The party asserting an affirmative defense has the burden of proving it by a preponderance of the evidence. Womack Bros., Inc. v. Equipment Rental Services, Inc., 399 So.2d 661 (La.App. 1 Cir.1981); Petroleum Fluids Consultants, Inc. v. Dresser Ind., 463 So.2d 87 (La.App. 3 Cir.1985). A plaintiff in reconvention must establish the demands made to a legal certainty by a preponderance of the evidence. Petroleum Fluids Consultants, Inc., supra.
Paul Sweeney was called as a witness by Perkins during the trial on the reconven-tional demand. Although Sweeney was not qualified or accepted by the court as an expert in roofing, he nevertheless offered testimony about the condition of the original roof prior to its removal. Sweeney testified that the original roof could not be salvaged because the nails lacked barbs and, thus, were too “slick” to remain in *1200 serted in the underlying plywood roof decking. Sweeney also testified that the shingles would tear easily while they were being removed, and based on this observation, he believed the shingles were “rotten.”
Several expert witnesses were called in Stine’s behalf. Mr. Russel Austin, a roofing contractor in DeRidder, Louisiana, testified that he examined the original roofing job on the house at Stine’s request. He observed that the shingles would not lie flat because the nails were not driven in all the way or were bent over. Austin testified that the problem with the shingles stemmed from the poor workmanship of the original roofer. It was his opinion that the shingles were not installed according to factory specifications. He stated that many of the shingles were not overlapped sufficiently to allow the roofing nail to penetrate both the top and bottom shingles.
Jerry Arington, the roofing manufacturer’s representative, examined the roofing and the original roofing job on the house and also attributed the problem with the shingles to improper installation of the shingles. He observed that there were too few nails utilized per shingle and the location of the nails was too high to catch the shingle underneath.
Lonnie Barnhart, the nail manufacturer’s representative, testified that the type of nail used by the original roofer was widely used by roofers and that he could not recall ever receiving a complaint such as that noted by Perkins or Sweeney.
In view of this evidence, we conclude that the trial judge’s finding that the roofing and/or roofing nails sold by Stine to Perkins was defective or ineffective was clearly wrong and we reverse and set aside the judgment on Perkin’s reconventional demand against Stine in the sum of $2,200.00.
For the reasons assigned, it is ordered that the judgment appealed from in favor of Perkins and against Stine in the sum of $2,200.00 be annulled and set aside, and that there now be judgment in favor of Stine and against Perkins and Ray, jointly and severally, in the sum of $4,033.80, for attorney’s fees of $1,000.00, and for legal interest on all sums due as provided by law; and further, that there be judgment in favor of Stine and against Ray recognizing Stine’s materialman’s lien and privilege for the sum of $4,033.80 and $9.00 lien filing fee against the immovable property of Ray in Allen Parish, Louisiana, and more fully described in the materialman’s lien filed August 23, 1984, under File Number 316,-978, in the Records of the Clerk of Court of Allen Parish, Louisiana.
All costs of the trial and appellate court are taxed to Perkins.
AFFIRMED IN PART; REVERSED IN PART; AMENDED IN PART; AND RENDERED.